Irvin *vs.* Sanders *et al.*

---

SAMUEL D. IRVIN, administrator, plaintiff in error, *vs.* JAMES H. SANDERS *et al.,* defendants in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

A court of equity has no jurisdiction to review and correct errors apparent upon the face of a common law judgment.

Equity.  Judgments.  Before Judge KIDDOO.  Early Superior Court.  April Term, 1874.

For the facts of this case, see the decision.

E. C. BOWER, for plaintiff in error.

R. C. FREEMAN; R. H. POWELL, by brief, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants to set aside a common law judgment for alleged error apparent on the face thereof.  The defendants demurred to the complainant's bill, which demurrer was sustained by the court, and the complainant excepted.

We find no error in the judgment of the court in sustaining the demurrer to the complainant's bill.  A court of equity has no jurisdiction to review and correct errors apparent on the face of a common law judgment.  When a decree has been rendered by a court of equity, that court will entertain a bill, on a proper case being made, to review and correct errors of law apparent on the face of the decree, but not for errors apparent on the face of a common law judgment.  If the complainant has any remedy, it is in the common law court in which the judgment was rendered.

Let the judgment of the court below be affirmed.