CRAYTON *et al. v.* SPULLOCK, receiver, *et al.*

An attorney who brings an equitable petition to marshal and administer the assets of a corporation, and who, by a consent decree, is paid for his services by the corporation, so far represents it that he cannot purchase its property for himself at a receiver's sale at a grossly inadequate price.

May 27, 1891.

Attorney and client. Receiver's sale. Before Judge MADDOX. Floyd superior court. September adjourned term, 1890.

Reported in the decision.

NUNNALLY & NEEL, by brief, for plaintiffs.

WRIGHT & HARRIS, for defendants.

LUMPKIN, Justice.

Messrs. Wright & Harris, as attorneys for one Lattner, for the use of Kohn *et al.*, filed an equitable petition against the Rome Nail Manufacturing Co., praying for a judgment against the corporation, and also for the appointment of a receiver to take charge of and sell its assets. No resistance was made to the appointment of a receiver, and afterwards a consent decree was rendered in the case, directing the sale of the property of the corporation by the receiver, and also providing that the firm of Wright & Harris be paid out of the proceeds of the sale $150.00 for their services in bringing the petition, etc. Afterwards, the receiver sold the property in gross, including all its real and personal assets, to H. M. Wright, one of the firm, for $250 00, his being the only bid. The evidence is somewhat conflicting as to the actual value of the property, but it was undoubtedly worth at least $1,500.00, and probably much more. After the sale, Crayton, as president of the company, and others, directors and stockholders therein, filed their motion to set aside the sale made by the receiver, alleging, among other things,

that they understood that the proceedings instituted by Wright & Harris were intended for the benefit of all parties interested, and that these attorneys really represented therein the corporation and all others concerned; that for these reasons no objection had been made to the appointment of a receiver or the sale of the property; and that they failed to attend the sale, fully believing that their rights would be protected in all respects by Messrs. Wright & Harris. In their answer, respondents denied that Wright & Harris were attorneys for movants or the corporation, or that they were under any obligation to protect their interests, and alleged that they represented Lattner, for the use of Kohn *et al.*, and none others, in bringing the petition and in the proceedings had thereunder. On the hearing, the evidence was voluminous and quite conflicting as to the relations existing between, Messrs. Wright & Harris and the corporation, or the movants in the present case, with respect to the petition for receiver, etc. In the view we take of this case, it is unnecessary to determine the issues of fact made by the motion and answer, and the evidence offered in support of each. One undisputed fact appears, viz. that Messrs. Wright & Harris obtained a decree to which all persons interested consented, and of which they accepted the benefit, providing that they should be paid for their services out of the proceeds of the sale of the property of this corporation to be made by the receiver whose appointment they had obtained. This fact established such a fiduciary relation between them and all the stockholders as will preclude one of these attorneys from buying the property for himself at the receiver's sale at a price which represented but a small per cent. of its actual value. An unbroken line of authorities, both in England and in America, establishes beyond question the doctrine that when an attorney is entrusted with liti-

gation, the conduct of proceedings or the management of any business in which he is under the slightest obligation to look after and protect the interests of others, he will not be permitted to derive therefrom any personal benefit which conflicts in the least degree with that obligation and the protection of those interests.

Without discussing the other questions made by the record, we are entirely satisfied that, for the reason stated above, the court erred in confirming this sale and in refusing to grant an order setting it aside. The judgment is reversed with direction that the sale be set aside upon the amount paid by Mr. Wright under his bid being refunded to him.

*Judgment reversed, with direction.*