# Burke v. Brewer.

## *Bill in Equity for Statutory Redemption.*

1. *Statutory right of redemption; sufficiency of tender.*—One of the conditions precedent to the exercise of the statutory right of redemption from a sale under a mortgage, is the payment or tender to the purchaser by the mortgagor of the purchase money with ten *per centum* thereon and all lawful charges (Code, § 3507); and the fact that the purchaser at the foreclosure sale has within the time allowed for redemption sold a part of the land so purchased by him and received payment therefor, does not excuse the redemptioner from paying the full amount of the purchase money with ten *per cent.* and all other lawful charges, in order to entitle him to exercise the statutory right.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by Michael Burke against Willis Brewer, for the purpose of enforcing the statutory right of redemption. The facts of the case are sufficiently stated in the opinion.

After averring in his bill that he had tendered the defendant $5,500, the bill contained the recital that the complainant paid into the registry of said court $5,500. There was also an offer on the part of the complainant to do equity.

The prayer of the bill was that the complainant be permitted to redeem the lands described in the bill

from the defendant; that there be a reference to the register to ascertain what amount was necessary to be paid in order to effect such redemption, etc.

On the final submission of the cause, the chancellor rendered a decree denying the relief prayed for and ordering the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. C. OATES, E. F. JONES, GORDON MACDONALD and JOHN D. MCNEEL, for appellant, cited Code, § 3505; *Dexter v. Arnold,* 1 Sumn. 118; *Downs v. Hopkins,* 65 Ala. 588; *Cramer v. Watson,* 73 Ala. 127; *Otis v. McMillan,* 70 Ala. 46; *Scale v. Phieffer,* 77 Ala. 278; *Stinson v. Pepper,* 47 Fed. Rep. 676; *Montgomery v. Miller,* 131 Mo. 595.

POWELL & MIDDLETON, *contra,* cited Code, § 3507; *Beebe v. Buxton,* 99 Ala. 117; *Cramer v. Watson,* 73 Ala. 127; *Caldwell v. Smith,* 77 Ala. 137.

DOWDELL, J.—The bill filed in this cause is essentially for the enforcement of a statutory right of redemption. It possesses not a single element necessary to the assertion by the mortgagor of any right he may claim to have had to enforce his equity of redemption. The regularity of the sales under the respective mortgages is not in anywise assailed. On the contrary, the validity of those sales are fully recognized. Being a bill pure and simple to enforce an alleged statutory right of redemption, one of the essential prerequisites to its maintenance is the payment or tender by the complainant to the respondent, within two years after the sales under the mortgages, of the purchase money with ten *per centum* thereon and all other lawful charges.—Code, § 3507, and authorities cited under it. We do not understand this proposition to be controverted, but the fact in dispute between the parties arises over the amount that should have been tendered. Stating the complainant's contention most strongly, it is, that the amount due to respondent was thirty-

six hundred dollars on the sales under the Tulane mortgages and twenty-seven hundred and forty-five dollars on the sale under the Tyson mortgage, aggregating the sum of sixty-three hundred and forty-five dollars. The testimony is in hopeless and irreconcilable conflict on this point. And we shall not undertake to determine who has the right of it, as it is unnecessary under the view we take of the case. The complainant did not tender the sixty-three hundred and forty-five dollars, which he admits, both in his bill and testimony, was the amount of the purchase money which was a charge upon the land sought to be redeemed. He predicates his contention for declining to do so, upon a credit claimed by him of sixteen hundred dollars arising from a sale of the "Kendrick place," made by the respondent after he became the owner of the lands, the redemption of which is not sought by the bill; and tendered only the balance of the purchase money after deducting this credit. To a better understanding of the question as to his right to this credit, it will be well to state, in short, some of the facts. The complainant, being the owner of two separate tracts of land, one known as the "Hale place" and the other as the "Kendrick place," executed to one Tulane two mortgages,—one of these conveying the "Hale place" and the other both places. He also executed to one Tyson a mortgage upon both places. These mortgages were foreclosed in January and February, 1896, and both tracts purchased by the respondent's vendors, from whom, shortly afterwards, on to-wit, February 12th, he acquired the title thereto. In March following, the respondent sold and conveyed to one Whitten upon a consideration of sixteen hundred dollars, the "Kendrick place." On the 26th day of September, 1896, the complainant tendered to the respondent fifty-five hundred dollars, being the balance claimed by complainant to be due him as purchase money and ten *per centum* thereon, after deducting the sixteen hundred dollars, which the respondent had received from Whitten. This bill was filed on the 14th of September, 1899, and seeks only a redemption of the "Hale place," keeping good

the tender of the fifty-five hundred dollars by paying it to the register of the court.

The only theory upon which it is possible to sustain the complainant's right to the credit claimed, is, that the "Kendrick place" belonged to him and not to the respondent, at the date of its sale to Whitten or at the date of the tender. For if he had been deprived of his property rights in and to it by the foreclosure sale, the regularity of which is not questioned, the money paid by Whitten to respondent was not his and never could be.

It has been uniformly held by this court that the right of redemption under the statute is purely the creature of legislation and has no existence without it. It is merely a personal privilege confered upon the mortgagor and is neither property, nor the right of property—not subject to levy and sale under execution, and prior to the amendment of the statute not assignable. *Powers v. Andrews,* 84 Ala. 291; *Parmer v. Parmer,* 74 Ala. 285; *Otis v. McMillan,* 70 Ala. 61, 62; *Newburn's Heirs v. Bass,* 82 Ala. 622; *Lehman v. Moore,* 93 Ala. 186; *Aiken v. Bridgeford,* 84 Ala. 295; *Commercial Real Estate Asso. v. Parker, Ib.* 298. It can never come into existence until after the equity of redemption of the mortgagor, the last vestige of his right in the property conveyed by the mortgage, has been cut off by foreclosure.—*Powers v. Andrews, supra.* And when the equity of redemption has been lost to him, he has nothing left but the personal privilege conferred by the statute, which must, in order to rehabilitate himself with the title to or any interest whatever in the lands, be conformed to. In other words, he is bound to perform every condition imposed by the statute in order to re-acquire the title. Failing in this, his right to redeem is not perfected, and the purchaser, from whom the redemption is sought, is the absolute owner. *Spoor v. Phillips,* 27 Ala. 197; *Otis v. McMillan, supra.*

To repeat, one of the essential conditions to the exercise of this right is the payment or tender of the whole of the purchase money with ten *per centum* thereon and all other lawful charges.—*Beebe v. Bux-*

*ton,* 99 Ala. 188, and cases there cited; *Cramer v. Watson,* 73 Ala. 127. And until a sufficient tender is made, the mortgagor has no right of property in the lands. This being true, the "Kendrick place" belonged absolutely to the respondent or rather to his vendee Whitten when the tender was made and the sixteen hundred dollars belonged to the respondent, and not to complainant. He was, therefore, not entitled to have a credit for it on the purchase money which he was bound to tender, in order to reinvest himself with the title to the land sought to be redeemed.—*Richardson v. Dunn,* 79 Ala. 170.

Affirmed.

Tyson, J., not sitting.