## COLLIER *v.* ALLEN et al.

There was no equity in the petition, and the judge did not err in sustaining the general demurrer thereto.

Submitted April 24,—Decided May 20, 1907.

Equitable petition. Before Judge Reagan. Pike superior court. April 4, 1906.

Collier brought an equitable petition against Spear, constable, G. W. Allen and his wife, and James T. Warthen as administrator of G. H. Warthen. The petition set forth the following state of facts: G. W. Allen brought suit, in a justice's court, against Collier. About the same time Warthen, administrator, brought suit against G. W. Allen in the county court, and caused summons of garnishment to be served upon Collier. Collier answered the summons, admitting an indebtedness to G. W. Allen of $70, and judgment on the garnishment was rendered against Collier for the amount so admitted. When G. W. Allen ascertained that Collier had been garnished, he caused the suit in the justice's court to be so changed as to sound "G. W. Allen, agent for wife." Collier filed an answer to the suit in the justice's court, and, notwithstanding the answer, judgment was rendered in favor of "G. W. Allen, agent for wife." Collier carried the case, by certiorari, to the superior court, but the certiorari was dismissed upon a point not involving the merits of the case. Execution was issued on the judgment in the justice's court. It is alleged, that Collier owed Mrs. Allen nothing, and she well knows this fact, and that the effort to enforce the execution from the justice's court, notwithstanding the judgment on the garnishment in the county court, is a fraud upon the rights of Collier, the judgment on the garnishment having been paid in full by Collier. It is alleged, that the

debt upon which the judgment in favor of Warthen, administrator, against Allen was founded was for fertilizers furnished to Allen and used upon the farm of his wife; and though the suit was against the husband, the debt was in reality the debt of the wife; and that whether he owes Allen or owes his wife, the payment of the judgment against him as garnishee was a discharge of the debt. Collier has filed an affidavit of illegality to the execution issued on the judgment in the justice's court, and the same is now pending in the justice's court. The prayer of the petition was, that a decree be entered enjoining the constable and Allen and his wife from enforcing the judgment in the justice's court, and that the illegality proceeding be also enjoined.

An amendment to the petition was filed, in which it is alleged, that Collier was really indebted to G. W. Allen $70, which was admitted in the answer to the garnishment, which amount embraced all of the indebtedness to G. W. Allen; that G. W. Allen or his wife, one or both of them, now hold against Collier a promissory note for $50, given for fertilizers in 1902, which was embraced in the $70 admitted to be due in the answer to the garnishment, which note is now in the hands of T. M. Allen, a justice of the peace and a brother of G. W. Allen, and such justice is threatening to enter suit on the note. The prayer in the amendment is that T. M. Allen be made a party and that the note be delivered up to be cancelled. The defendant filed a demurrer, which was, in substance, that there was no equity in the petition. The judge sustained the demurrer, and the plaintiff excepted.

*C. J. Lester,* for plaintiff.   *G. D. Dominick,* for defendants.

COBB, P. J.  (After stating the facts.)

The facts in the petition were not of such a character as to authorize the interposition of a court of equity in behalf of the plaintiff. The plaintiff may be compelled to pay a debt twice; but on account of the respect which a court of equity pays to the judgments of a common-law court of competent jurisdiction, where the parties have had their day in court, the plaintiff is without remedy to avoid the consequences resulting from the judgments to which she was a party. It is unnecessary to determine whether the suit in the justice's court was the individual suit of G. W. Allen, or whether it was a suit by his wife. The plaintiff appeared in that case and answered, and the garnishment

proceeding against her was pending at that time. It does not appear, from the petition, whether she set up the pendency of the garnishment proceeding as a defense; but she might have done so; and the judgment concludes her even though the pendency of the garnishment would have been a good defense. The fact that the certiorari in the superior court was dismissed on a question not involving the merits does not affect the binding force of the judgment in the justice's court. The plaintiff is also bound by the judgment in the garnishment case, and could have been compelled to pay that judgment if she had not voluntarily done so. All of the facts now alleged to defeat the judgment in the justice's court could have been pleaded in the suit that resulted in that judgment. There was no equity in the original petition. Neither was there any equity in the amendment, which apparently added a new cause of action. If any of the facts alleged in the petition would be a good defense to the note in the hands of T. M. Allen, the justice of the peace, these facts can be pleaded when suit is brought on that note. The judge did not err in sustaining the demurrer to the petition.　　*Judgment affirmed.　All the Justices concur.*