(87 South. 820)

## JONES v. CARAWAY. (6 Div. 172.)

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied Feb. 10, 1921.)

1. Equity ⬤═152—A reference to a mortgage record, declaring it a part of the bill, is insufficient to incorporate the mortgage.

A bill to declare a mortgage void, which avers that the mortgage was recorded, setting out the book and page "to which reference is hereby made," is wholly inadequate to make the mortgage a part of the bill.

2. Mortgages ⬤═358—Mortgagor may not complain of foreclosure sale of two lots en masse, where already devested of title to one lot by prior foreclosure.

Where mortagor's rights as to one of two lots mortgaged had been foreclosed previously under a prior mortgage, the mortgagor may not complain of a sale en masse of the two lots, on foreclosure of the later mortgage, without showing a right to avoid the former sale.

3. Mortgages ⬤═369(7)—Averment that one lot contained two houses is insufficient to show mortgage foreclosure sale invalid because lot not sold in parcels.

In proceeding to declare a mortgage foreclosure sale void, an averment that there were two houses or settlements, on the mortgaged lot, is insufficient to show that the property might be sold to better advantage if divided, or that a division would have been practical or advisable, the inference being that the lot had already been reduced to its most convenient and marketable size, and that complainant was not injured by its being offered as a whole.

4. Mortgages ⬤═369(5)—Where sale on foreclosure was voidable, complainant lost right to avoid by three years' delay.

In a suit to declare a mortgage foreclosure sale void, complainant's contention that, inasmuch as she executed the mortgage only as surety for her son his property should have been sold first, instead of being sold en masse with her lot, was proper, but the sale was not for that reason void, but only voidable, and where she delayed three years in filing her bill, she lost her right to avoid it.

5. Mortgages ⬤═369(7)—Bill to declare foreclosure sale void held demurrable, despite allegations excusing offer to redeem.

In an action to declare a mortgage foreclosure sale void, allegations of complainant's bill, showing reason for failing to offer to redeem within two years from the foreclosure, held not subject to demurrer.

6. Attorney and client ⬤═123(1)—Confidential relations not founded on professional relation per se.

The rule of equity in respect of confidential relations between attorney and client is founded, not on the professional relation per se, but on the influence which that relation implies, and will therefore operate as long as the influence exists, although the attorney may not be then acting as attorney.

7. Mortgages ⬤═369(4), 605—Prior offer did not relieve mortgagor of necessity of making statutory tender.

In a suit to declare a mortgage foreclosure sale void and to redeem, the fact that mortgagor stood ready to redeem at the time when she avers the defendant denied her right did not relieve her of the necessity of making the tender required by the statute.

8. Mortgages ⬤═605—Without sufficient tender, mortgagor, after foreclosure, has no property right.

Until a sufficient tender is made, the mortgagor, after foreclosure, has no property right in the lands, the subject of the mortgage.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill by Amanda J. Caraway against Henry A. Jones and others, to declare a mortgage foreclosure void, to hold said Jones as a trustee, and, in the alternative, to redeem. From a decree overruling demurrers to the bill, defendant Henry A. Jones appeals. Reversed and remanded.

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complainant, appellee, filed the bill in this cause against Henry A. Jones and others. Joint and separate demurrers to the bill were overruled, and defendant Jones appeals.

[1] It is shown by the bill that complainant, being the owner of lots 116 and 123 in the city of Tuscaloosa, and her son, the defendant E. M. Caraway, being the owner of lots 391 and 392, on January 28, 1915, joined in a mortgage to Henry Pearson to secure an indebtedness due from E. M. Caraway to Pearson, complainant thereby becoming surety for her son. It is averred that the mortgage was recorded in the probate office of Tuscaloosa county, in Mortgage Book 171, page 114, "to which," quoting now from the bill, "reference is hereby made as part of this bill." This reference was wholly inadequate to make the mortgage a part of the bill, nor does it otherwise appear in the transcript. We are not explicitly informed, therefore, what property was embraced in the mortgage. However, it is averred that said mortgage was foreclosed by a sale under power February 17, 1917, and that C. B. Verner and Fleetwood Rice became the purchasers of lots 391, 392, and 116; conveyance being executed to them. On June 11, 1915, complainant executed to defendant Jones, as trustee for Charles L. Barnes, G. W. Christian, and Thos. W. Christian, as guardian, etc., a mortgage deed of lot 116 and the west half of 123 to secure different sums due to said named cestuis que trustent. October 11, 1915, complainant mortgaged lots 116 and 123 to the defendant S. F. Alston. This mortgage was subsequently assigned to the defendant R. H. Dent. May 13, 1916, complainant and her son E. M. Caraway executed to the defendant Charles L. Barnes a mortgage conveying, inter alia, complainant's equity in lots 116 and 123. On November 18, 1918, the mortgage of June 11, 1915, was foreclosed as to lot 116; G. W. Christian becoming the purchaser and receiving a conveyance. In February, 1919, more than two years after the foreclosure of the mortgage to Pearson, defendant Jones purchased from Verner and Rice all the right acquired by them by their purchase at the foreclosure of the Pearson mortgage. It is averred that on April 1, 1919, Dent "foreclosed or attempted to foreclose the S. F. Alston mortgage of October 11, 1915, which was assigned to him, and the mortgage of C. L. Barnes," of date May 13, 1916; that R. Cornell became the purchaser of complainant's lots 116 and 123, taking a conveyance thereof on January 21, 1920; that on January 22, 1920, Cornell conveyed the same to G. W. Christian, who, on January 30, 1920, executed a quitclaim to defendant Jones. The bill was filed February 14, 1920. Other facts necessary to be noticed at this time are sufficiently indicated in the opinion.

Defendant (meaning appellant Jones) demurred to the bill on the ground—to state the effect of the demurrer in general terms—that it failed to aver a payment into court of the amount necessary to redemption, and failed to show any sufficient excuse for failing so to do; to so much of the bill as sought to redeem the east half of lot 116, on the ground that no facts were stated sufficient to invalidate the foreclosure of February 17, 1917, and because the bill failed to aver or show that within two years after foreclosure complainant had paid or tendered the purchase price, interest, and other lawful charges or any sufficient excuse for failing so to do; to so much of the bill as sought to redeem lot 123 on the ground that it failed to aver or show that complainant, before bill filed, had paid or tendered the money necessary to redeem, or any sufficient excuse, or had paid the money into court.

H. A. & D. K. Jones, of Tuscaloosa, for appellant.

Before a party can redeem from mortgage foreclosure, he must pay the mortgage debt, interest, and charges, or tender same, and if party to whom the money is due cannot be found must pay the money into court when filing the bill. 101 Ala. 695, 14 South. 368; 114 Ala. 54, 21 South. 470; 133 Ala. 389, 32 South. 602; 142 Ala. 590, 39 South. 174; 160 Ala. 523, 49 South. 334; 176 Ala. 134, 57 South. 705; 199 Ala. 1, 73 South. 981; No written demand is shown or alleged for a statement in writing of the debt and lawful charges. Section 5748, Code 1907. Inadequacy of price does not invalidate the sale, if otherwise right. 108 Ala. 278, 19 South. 354; 127 Ala. 348, 28 South. 468; 150 Ala. 625, 43 South. 788; 195 Ala. 522, 70 South. 258.

P. B. Traweek and F. F. Windham, both of Tuscaloosa, for appellee.

A foreclosure sale of distinct parcels of land in one mass is irregular and voidable, unless reasonable value is obtained. 39 Ala. 202; 187 Ala. 181, 65 South. 364. As to when a mortgagee is regarded as a trustee for the mortgagor, see 59 Ala. 311; 125 Ala. 667, 27 South. 7; 185 Ala. 141, 64 South. 305; 74 South. 933; 38 South. 345; 189 Ala. 153, 66 South. 75; 200 Ala. 596, 76 South. 954. Courts view with suspicion all transactions by which the mortgagee procures from the mortgagor the equity of redemption. 199 Ala. 387, 74 South. 932. The equitable right of redemption continues for 10 years. 187 Ala. 244, 65 South. 831.

SAYRE, J. (after stating the facts as above). [2, 3] We consider first the case made as to lot 123. The bill avers that at the foreclosure sale of April 1, 1919, Cornell

purchased lots 116 and 123 in mass for less than their value, and upon that fact bases her conclusion that the sale was and is voidable at her election, and prays that it be avoided, and that she be restored to, and allowed to exercise under the court's decree her equity of redemption, offering, as we understand the bill, to pay whatever sum may be found due on account of lot 123. But unfortunately for complainant's contention on this point, whatever might have been the effect of a sale and purchase in mass of the two distinct and separate parcels had complainant at the time had an interest in both, in this case a prior mortgage had been foreclosed more than two years before; and, unless complainant had a right at that time to avoid that sale or assert a right to redeem under the statute notwithstanding the lapse of more than two years—the reasons for our conclusion that she had no such right on the facts shown by the bill remain to be stated—she had no interest in lot 116. True, the averment is that there were two houses or settlements on lot 123; but we do not find that fact sufficient to call into operation the equitable rule which requires that on a foreclosure sale separate parcels should first be offered singly. This is a town lot, and the averment that there are two houses on it—or settlements, as the pleader seems to have added for color—hardly suffices to show that the property might be sold to better advantage if divided, or that a division would have been practicable or advisable. The natural inference is that the lot had already been reduced to its most convenient and marketable size—at least no presumption to the contrary can be indulged—and hence that complainant suffered no detriment when the lot was offered as a whole. Mahone v. Williams, 39 Ala. 202; 27 Cyc. 1480. In Todd v. Interstate Mortgage Co., 196 Ala. 169, 71 South. 661, the different parcels were entirely separate. It results that the sale and purchase of the two lots in solido could not have prejudiced complainant, and she has shown no sufficient ground for an avoidance of the foreclosure sale under which defendant claims to own lot 123.

[4] We consider now the case as to lot 116. The first mortgage on this lot was foreclosed about three years before the bill in this cause was filed, and the defendant stands now in the shoes of the purchasers, except as his position has been affected by complainant's excuse for delay, which is based upon incidents of an alleged confidential relation between herself and defendant, to be stated presently. In her brief complainant claims the right to avoid the foreclosure, and to redeem as a mortgagor before foreclosure on several grounds. She contends, on an averment identical with that made as to lot 123, that the lot here should have been subdivided; but this contention has been disposed of. She contends further that the property of her son, for whom she was surety, as has appeared, and whose property was exposed for sale in mass with her lot in question, should have been offered first and separately, and no doubt she is right as to this, but the sale was not void for that reason, but only voidable, and by the delay of three years in filing her bill complainant must be held to have lost the right to avoid on this ground. Alexander v. Hill, 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55.

[5] In respect of complainant's asserted alternative right to redeem under the statute, there is no very clear separate averment of the facts affecting the redemption of lot 116, or, to speak more accurately, of the facts brought forward as affording an excuse for complainant's admitted delay of more than two years in offering to redeem. But from the bill we gather averments:

That in the creation of "these mortgages"— meaning, we infer, all the mortgages previously referred to—and during "many" of the transactions connected therewith, defendant acted as adviser and attorney for complainant, and she relied on him to care for her interest involved therein, and believed he was doing so, "as he asserted he was"; that immediately after the foreclosure of November 18, 1918— second mortgage on lot 116—she spoke to defendant, "and made an offer to redeem said property"; that in reply he said there was no need to hurry, that complainant had two years from that date—meaning, we take it, from November 18, 1918—in which to redeem, which statement was repeated on several occasions to complainant and others; that defendant, as trustee in the mortgage which had been foreclosed on the last-mentioned date, had the same right as complainant had to redeem from the foreclosure at which Verner and Rice had purchased, or to disaffirm, or to pay off that mortgage and have the same assigned to him; that, relying on defendant's statements, "and, believing that he was taking care of her interest in the matter, as he asserted he was," complainant "took no action whatever in respect to the Verner and Rice foreclosure, either by way of disaffirming and annulling the same or by way of exercising her statutory right of redemption thereunder"; that "about four days before the expiration of the two years from said Verner and Rice foreclosure the said defendant obtained a conveyance from the said Verner and Rice for $2,500 of all of the rights which they held under and by virtue of said foreclosure deed, * * * and very soon thereafter complainant became aware of the fact that said Henry A. Jones, for himself and the respondents, as their attorney, denied the right of complainant to redeem her said property, and claimed that she had lost her right of redemption in respect to the Verner and Rice foreclosure, and that he and his clients under said mortgage intended to hold the property from her right of redemption;" that "she was lulled and made to feel secure in her rights to redeem within the period from November 18, 1918, to February 18, 1919, by the representations of the said Henry A. Jones, respondent [defendant Jones],

who all along had been her adviser and attorney, and a man in whom she. had the utmost confidence; * * * she was made to feel and believe that she would be allowed two years from the foreclosure of November 18, 1918, just as he had agreed with her following said foreclosure;" that Jones and the other defendants "conspired to deceive her in respect to her rights in the premises, and to take advantage of her lack of knowledge and business experience, and of her confidence in them, and thereby obtained her property contained in said mortgages for grossly less than its real value, and in pursuance of that design lulled her into inactivity," etc.

It may be that the bill is not all a bill of the sort should be, but the demurrer against so much of it as concerns lot 116, except as demurrant sets up complainant's failure to make a tender of purchase money, interest, and lawful charges, is of utmost generality. We have stated the general effect of the demurrers. Quoting now on the point of complainant's reason for failing to offer to redeem within two years from the foreclosure of February 17, 1917, the language of the demurrer is that complainant's bill does not "aver or show any valid or sufficient excuse therefor." As against this demurrer the court is of opinion that the bill, as a bill to redeem lot 116 under the statute, should be sustained.

[6, 7] The averments as to the relation between defendant and complainant are confused, and not altogether consistent. It does not clearly appear that complainant had a right to rely upon defendant's advice in respect of redeeming from the foreclosure of February 17, 1917, by reason of any employment for that particular purpose. However, the rule of equity in respect of confidential relations between attorney and client is founded, not on the professional relation per se, but on the influence which that relation implies, and will therefore operate as long as the influence exists, although the attorney may not be acting as attorney at the time. Leading Cases (White & Tudor), vol. 2, pt. 2, p. 1224. We have quoted the averments of the relation between these parties at and during the time when, as complainant avers, she relied upon defendant to advise her and care for her interest, and if these averments should be proved, complainant would, under the statute, be entitled to relief as to lot 116 but for the fact that, here as in the case of lot 123, she has failed to tender the amount necessary to redeem. The fact that complainant stood ready to redeem at the time when, as she avers, defendant denied her right, did not relieve her of the necessity of making the tender required by the statute. Beatty v. Brown, 101 Ala. 695, 14 South. 368. Until a sufficient tender is made, the mortgagor after foreclosure has no property right in

the lands the subject of the mortgage. Burke v. Brewer, 133 Ala. 389, 32 South. 602.

The demurrers to parts of the bill should have been sustained. The cause will be remanded in order that a decree may be entered by the trial court in accordance with this opinion, after which complainant will be allowed a reasonable time in which to amend, if she shall be so advised.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

SAYRE, J.    Application overruled.

ANDERSON, C. J., and SAYRE, THOMAS, and MILLER, JJ., concur.