REED *v.* KRIEGSHABER & SON INCORPORATED *et al.*

No. 7676.  OCTOBER 17, 1930.

*Neufville & Neufville,* for plaintiff.

*Houston White, John J. Poole,* and *Edwin McKigney Pearce,* for defendants.

HILL, J. (After stating the facts.) In the petition R. N. Reed Sr. and R. N. Reed Jr. prayed that the defendant Kriegshaber & Son Inc. be restrained from proceeding with its suit in the municipal court of Atlanta, and that that court be enjoined from assuming further jurisdiction of the case. It appears from the petition that when the temporary restraining order was granted the case in the municipal court of Atlanta had proceeded to judgment in that court, and that a motion for new trial had been made by the defendants Reed. There is no allegation that the judgment was obtained by fraud, or any other such reason given as would invalidate the judgment. In the petition the plaintiffs prayed that jurisdiction of the case in the municipal court be transferred from that court to the superior court, and that "plaintiffs herein be relieved from the judgment and proceedings in the municipal court, and that John S. Candler and Palmer Inc. be required by judgment of this court to pay said debt." There is no allegation in the petition, or reason given, as to why the Reeds did not have an adequate remedy at law in the municipal court to set up every defense to which they were entitled. There is a prayer that the defendant be required to come into court and set up its rights, if any, and to have an accounting. It will be observed that it is not specified between whom the accounting will take place. It will be observed further that the petition does not pray for damages as against the defendant in error, but only for injunctive relief from proceeding "with case No. 284,883 wherein Kriegshaber & Son Inc. are plaintiffs and R. N. Reed Sr. and R. N. Reed Jr. are defendants." The trial judge sustained the general demurrer in so far as to deny the injunctive relief prayed as against Kriegshaber & Son Inc. in the municipal court of Atlanta. From the allegations of the petition it is difficult to understand on what basis plaintiffs can have an injunction against the defendant in error. Plaintiffs allege that unless a court of equity intervenes and determines the rights of all the parties, a multiplicity of suits will result. It is not alleged that the same questions are involved in each case, but it is alleged that to other parties are due certain amounts for material, and that Palmer Inc. have refused to pay said amounts, and are urging these merchants to bring suit against plaintiffs. The fact that the Reeds will be sued by other creditors, and thus be put to the expense of defending suits at law, is not alone a sufficient basis for a court

of equity to assume jurisdiction. The plaintiffs nowhere allege that the same issues will be involved in each of the suits it is feared may be brought against them. Before a court of equity will assume jurisdiction to enjoin the bringing of such suits, the same issue must be involved. In *Portwood* v. *Huntress,* 113 *Ga.* 815, 819 (39 S. E. 299), it was said: "It may be true that each of the four cases involves an issue or issues common to all; but it is certainly not true that all of the issues in each case are identically or even substantially the same. It is only when this latter condition exists that equitable consolidation can be demanded as matter of right. When one person is interested in maintaining against several a contention, or contentions, which they have a common interest in resisting, or when several have a like interest in maintaining against one a contention, or contentions, which he is interested in resisting; or when several have a common interest in maintaining against several a contention, or contentions, which they have such an interest in resisting; and such contention, or contentions, is or are involved in two or more pending suits, an appropriate equitable proceeding will lie to bring the issues in dispute to a determination by one trial. But this remedy is not available when consolidation would simply bring about a pell-mell struggle in which parties on the one side, with no community of interests among themselves as to the one point in controversy, when there is only one, or as to all the disputed points, when there are more than one, would be compelled to contend with a single party on the other side, or with parties thereon who are also lacking in such a community of interest among themselves."

Courts of equity will not interfere with the judgments of a common-law court of competent jurisdiction, where the parties have had their day in court, and where they seek to avoid the consequences resulting from the judgments to which they were parties. *Collier* v. *Allen,* 128 *Ga.* 442 (57 S. E. 691). In *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44), this court held: "Where in a former suit between the same parties, and relating to the same subject-matter, a verdict and judgment were rendered against the defendant, whose motion for a new trial was overruled, and such judgment was affirmed by the Supreme Court, a petition subsequently brought by the defendant, to review and set aside the verdict and judgment, was properly dismissed on general demurrer, where

it appeared that the grounds for review were such as were known, or could by reasonable diligence have been discovered in time to incorporate them in the motion for new trial made in the former case." In *Bank of Doerun* v. *Fain,* 148 *Ga.* 799 (98 S. E. 467), it was held: "A party can not successfully ask for relief in equity to set aside a judgment at law against him, on the ground that he failed or omitted to make a legal defense, unless he was prevented by fraud or accident, unmixed with any fraud or negligence by himself, from setting up such defense." In *Irvin* v. *Sanders,* 52 *Ga.* 350, it was held: "A court of equity has no jurisdiction to review and correct errors apparent upon the face of a common-law judgment." The court below did not err in sustaining the demurrer "in so far as to deny the injunction prayed for as against V. H. Kriegshaber & Son Inc., defendant, and as to the municipal court of Atlanta, Fulton section."

                      *Judgment affirmed. All the Justices concur.*

HINES, J., concurs in the result.