HUSON ICE & COAL CO. *et al.* v. CITY OF COVINGTON.

No. 9530. November 10, 1933. Rehearing denied December 28, 1933.

*Brown & Brown,* for plaintiffs.   *C. C. King,* for defendant.

HILL, J.  Huson Ice & Coal Company, P. J. Huson, H. T. Huson, and W. J. Huson brought a petition to set aside a judgment, and for injunction, alleging substantially the following: The City of Covington obtained a verdict and judgment against the plaintiffs, in September, 1932, for $406.75, with interest and costs, for electric current and supplies furnished by the city.  A motion for new trial was made and subsequently dismissed.  The indebtedness was incurred under an oral contract for furnishing electrical current and supplies for the year 1931 in the operation of the ice plant of the plaintiffs; to the effect that the "defendants were to furnish electric current to plaintiffs a current consisting of 220 volts minimum to the plaintiffs' motors, continuously and constantly, day and night, for 24 hours each day for 365 days.  Said current was to be paid for monthly for the number of kilowatts consumed during each month at a rate per kilowatt as the rate published by the Georgia Power Company."  The defendant was unable to deliver the necessary current to operate the ice plant of the plaintiffs at maximum capacity, on account of inadequate wiring of the power-line of the defendant, and on account of faulty installation by the defendant of wiring and motors of plaintiffs' equipment.  The plaintiffs suffered a loss in operating their plant, and the current was in excess of what should have been used, due to this faulty installation of wires and motors by the defendant's agent, H. O. Whelchel; which loss was in excess of the charges made by the defendant against the plaintiffs, and in excess of the judgment obtained by the defendant against plaintiffs in the suit above referred to.  The plaintiffs did not know the reason why they could not get the necessary power until after the trial of the case brought by the city against them, and therefore could not set it up as a defense; they were kept from making an investigation to ascertain the cause, by reason of the misrepresentations of the agents in charge of the electric department of the city, who were experts and supposed to know about electricity and to be able to tell what was the matter; and plaintiffs relied on the statements made to them by said agents of the city, and they have not had a fair hearing in said case; a fraud was perpetrated on them by the said agents of

the city, whether knowingly or innocently, and said judgment should be set aside because of said fraud. The prayers of the petition are that "process may issue requiring said defendants to be and appear at the next term of this court to answer this complaint and stand to, abide by and perform the order and decree of the court in the premises. And your petitioners will maintain and prove their allegations herein set forth, without any discovery from the defendants, which is hereby expressly waived. And your petitioners will ever pray that an injunction be granted enjoining the defendants from further prosecuting the verdict and judgment against plaintiffs until the hearing a restraining order be issued likewise preventing levying or interference in any way with plaintiffs."

A demurrer was sustained and the petition was dismissed. This judgment was excepted to because the "ruling and decision is void because rendered before the appearance term of said case;" and because the judgment is contrary to law.

■ By the act of 1925 (Ga. L. 1925, p. 97), which is "an act to amend section 5630 of the Civil Code of the State of Georgia of 1910, dealing with the different modes of defense by a defendant, and prescribing the time for filing thereof and the hearing thereon, by adding at the end thereof the following words, to wit: 'In equity causes, however, where extraordinary relief is sought, the trial court may hear, pass upon and determine all demurrers in such causes at any interlocutory hearing before the appearance or first term.'" 13 Park's Code Supp. 1926, and Michie's Code, § 5630. This is a case in equity where extraordinary relief is sought, and under the above act the judge did not err in passing upon and determining the case on demurrer at the interlocutory hearing. See *Ward* v. *Parks,* 166 *Ga.* 149 (142 S. E. 690); *Wilder* v. *Thompson,* 169 *Ga.* 812 (151 S. E. 806); *Meena* v. *Piedmont Realty Co.,* 173 *Ga.* 844 (162 S. E. 144).

■ This is a suit to set aside a judgment obtained by the City of Covington on an open account against the plaintiffs for electrical current and supplies furnished by the city, and to enjoin the city from proceeding with the enforcement of the judgment. The petition does not set out any matter of defense that could not have been known to the plaintiffs and pleaded in their defense in the former suit, and no fraud is alleged that would invalidate the judgment. The Civil Code of 1910 provides that "The judgment of a court

of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." § 5965. "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." § 4585. And see § 5965. In the present petition it is not alleged that the plaintiffs have a good defense of which they could avail themselves on another trial; and the petition fails to show any ground of fraud, accident, or mistake or any act of the city unmixed with the negligence or fault of the plaintiffs. The allegations of the petition contain matters of defense that were known, or could have been known, to the plaintiffs with the exercise of the slightest diligence, and were pleaded or could have been pleaded in the suit on the account. In *Reed* v. *Kriegshaber*, 171 *Ga.* 352, 357 (155 S. E. 469), it was said: "Courts of equity will not interfere with the judgments of a common-law court of competent jurisdiction, where the parties have had their day in court, and where they seek to avoid the consequences resulting from the judgments to which they were parties. *Collier* v. *Allen*, 128 *Ga.* 442 (57 S. E. 691). In *Leathers* v. *Leathers*, 138 *Ga.* 740 (76 S. E. 44), this court held: 'Where in a former suit between the same parties, and relating to the same subject-matter, a verdict and judgment were rendered against the defendant, whose motion for a new trial was overruled, and such judgment was affirmed by the Supreme Court, a petition subsequently brought by the defendant, to review and set aside the verdict and judgment, was properly dismissed on general demurrer, where it appeared that the grounds for review were such as were known, or could by reasonable diligence have been discovered in time to incorporate them in the motion for new trial made in the former case.'"

Under the allegations of the petition and the rulings cited above, the court did not err in sustaining the demurrer and in dismissing the petition. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

PER CURIAM. The plaintiffs insist that this court has "overlooked a fundamental rule of equity practice, that in passing on a demurrer the facts stated in this petition are to be taken as true."

That contention has reference to the ruling stated in the second headnote, supra. The plaintiffs' petition alleged "that they did not know of the great amount of horse-power that was being transmitted over the lines that were connected to their motors until the rendering of the verdict and some time thereafter made investigation and found that the defendant from the time of the contract up until and after the verdict was rendered for the amount of current being transmitted, found that the wires were not sufficient in size to carry the required voltage that was contracted for by plaintiffs. . . From knowledge and belief of the plaintiffs, the circuit that furnished the current from June 10 to September 28, 1931, to plaintiffs' motors and lights, carried about 440 horse-power, distributed along said line that furnished gin-mills, marble-yards, radios, refrigerators, filling-stations, cooking-stoves, and numerous other electric appliances in homes, shops, and business houses. Further, the wires that transmitted the current to plaintiffs' motors and lights being over 3000 feet or more in length, and said wire being in electric 'terms known as number 6 wire,' plaintiffs believe that from the national laws that govern the transmission of electric current, could not deliver the 220 volts as contracted for, and that the agent of defendant, H. O. Whelchel, who well knew the fact, and the only man that was in position to know these facts at the time the contract that was made between the plaintiffs and the defendant as set out in paragraph 4 of this petition, plaintiffs believe that the defendant wilfully or innocently defrauded them into making the contract as set out in paragraph 4 of this petition. To the damage that is due them from breach of the alleged fraudulent contract as set out in paragraphs 12, 13, and 14 of this petition as well as set out in paragraph of this petition. For each and all the foregoing items of damages the plaintiff sues."

A demurrer admits only facts well pleaded. The above-quoted allegations of the petition will not be construed as allegations of fact, but as conclusions of the pleader. Neither the trial court nor this court was bound to accept as true, although alleged in the petition, that petitioners could not by the employment of competent electricians have ascertained all of the facts alleged prior to the original trial of the case in which the judgment sought to be set aside was rendered. The motion for rehearing is denied.