HARDIN *v.* BAYNES.

BELL, Chief Justice. 1. Under the Code, § 81-1002, a general demurrer to a petition seeking temporary and permanent injunction, accounting, and cancellation, may be heard and determined by the judge at an interlocutory hearing before the appearance or first term. Ga. L. 1925, p. 97; *Meena* v. *Piedmont Realty Co.*, 173 *Ga.* 844 (162 S. E. 144); *Huson Ice & Coal Co.* v. *Covington*, 178 *Ga.* 6 (172 S. E. 56).

(a) Nothing to the contrary was ruled in *Justice* v. *Warner*, 178 *Ga.* 579 (2) (173 S. E. 703). While the plaintiff in that case sought both injunction and cancellation, no demurrer was filed, and it was held that the judge erred, after the introduction of evidence at an interlocutory hearing, in dismissing the entire case, the implication being that the petition stated a cause of action. Compare *Ivey* v. *Rome*, 129 *Ga.* 286 (2) (58 S. E. 852).

2. In the instant case, the plaintiff sought to cancel a lease of timber situated in Morgan County, because of alleged inadequacy of consideration, the defendant's superior actual knowledge of the subject-matter, and other circumstances, including the alleged confidential relation of

attorney and client between the plaintiff as seller and the defendant as purchaser. *Held*:

(*a*) "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867).

(*b*) Under the allegations of the petition as thus construed, it appears that the relation of attorney and client existed between the parties with respect to litigation and property in Jasper County, but that such relationship did not embrace any of the land or timber in Morgan County.

(*c*) While a client may rely implicitly upon the acts and words of his or her attorney within the scope of such relationship, "this rule is applicable only to the parties while the relationship exists and with reference to the matter involved in that relationship." *Lewis* v. *Foy*, 189 *Ga.* 596, 600 (6 S. E. 2d, 788). The petition did not allege facts to show an exception to this rule, if there is one. See, in this connection, *Crayton* v. *Spullock*, 87 *Ga.* 326 (13 S. E. 561); *Stubinger* v. *Frey*, 116 *Ga.* 396 (42 S. E. 713); Jones *v.* Caraway, 205 Ala. 327 (87 So. 820); Swaim *v.* Martin, 158 Ark. 469 (251 S. W. 26); 5 Am. Jur. 289, § 50; 7 C. J. S. 964, 972, §§ 127, 132.

(*d*) No other confidential relationship was shown, nor was it alleged that the defendant made any misrepresentation of fact or used any artifice to prevent the plaintiff from ascertaining the quantity and value of her own property. "A court of equity will not relieve a vendor of land from his own negligence in not ascertaining facts which he could have ascertained by diligence, the vendee using no artifice or fraudulent scheme in order to prevent the vendor from ascertaining facts which might have prevented him from executing the deed." *Morrison* v. *Colquitt County*, 176 *Ga.* 104 (167 S. E. 321). See also *Thompson* v. *Boyce*, 84 *Ga.* 497 (11 S. E. 353); *Martin* v. *Harwell*, 115 *Ga.* 156 (3) (41 S. E. 686); *Browning* v. *Richardson*, 181 *Ga.* 413 (182 S. E. 516); *Karpas* v. *Candler*, 189 *Ga.* 711, 712 (2) (7 S. E. 2d, 243); *Ray* v. *Isakson*, 191 *Ga.* 610 (13 S. E 2d, 360). The present case is distinguished from *Johnson* v. *Sherrer*, 197 *Ga.* 392 (29 S. E. 2d, 581), where a confidential relation was shown.

3. Mere inadequacy of consideration alone will not void a contract. If the inadequacy be great, it is a strong circumstance to evidence fraud. Code, § 20-307. Inadequacy of price is no ground for rescission of a contract of sale, unless it is so gross as, combined with other circumstances, to amount to a fraud. Code, § 96-105.

4. Under the preceding rulings, the plaintiff's right to relief, so far as shown by her petition, depended finally and solely upon inadequacy of consideration, and, this being true, the petition did not state a cause of action for cancellation or for the incidental relief of injunction and accounting. Accordingly, the judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*

No. 14931. December 1, 1944. Rehearing denied December 13, 1944.

*Alene Hardin* and *George W. Garrett,* for plaintiff.
*M. F. Adams,* for defendant.