## REDFEARN *v.* HINES.

The evidence demanded a finding in favor of the plaintiff on the issue raised by the plea to the jurisdiction.

Argued May 23, — Decided June 16, 1905.

Appeal. Before Judge Mitchell. Brooks superior court. December 9, 1904.

Hines sued Redfearn in Brooks county, and the defendant filed a plea to the jurisdiction, averring that he was a resident of Thomas county. The trial of this issue resulted in a finding against the plea, and a verdict was rendered against him on the merits of the case. The defendant made a motion for a new trial, which was overruled, and he excepted. The evi-

dence, taken most strongly for the defendant, showed that he was an unmarried man, with his mother and sister living with him, whom he referred to as his family; that he had lived in Thomas county, and about January 1, 1903, sold his home in Thomas county, and temporarily removed to Brooks county until he could build another home in Thomas county; that he always regarded Thomas county as his home, worked the roads there, and only removed to Brooks county until he could get his house built in Thomas county; that he taught school in various places; that his family had lived on his farm in Thomas county; that at the time the suit was brought he had sold his home in Thomas and had no home, and had moved his family to Brooks county, where he was keeping house with his mother and sister and teaching school; that he had taken the school census in Brooks county and also in Thomas; that he paid his poll tax in Thomas; and that the school that he was teaching was a county-line school, located in Brooks county, just across the line from Thomas, and was patronized by pupils from both counties. There was also evidence from others to the effect that Redfearn had claimed Thomas county as his home. The contract sued on was in writing, and stated that it was between Hines of Brooks county, "and R. L. Redfearn of Thomas."

*Bennet & Bennet,* for plaintiff in error.
*L. W. Branch,* contra.

COBB, J. The only question argued in this court was that of jurisdiction. Domicile is determined by act and intention. The evidence undoubtedly discloses an intention on the part of the defendant to make Thomas county his domicile. But the undisputed evidence as to his conduct is such as to clearly indicate that this intention has not been carried into effect. Even if the mother and sister of an unmarried man can be so far treated as his family as to authorize service upon him by leaving process at the place where they are found, these relatives of the defendant had been carried by him from Thomas county to Brooks county, and were there keeping house with him. He owned no home and had no family residing in Thomas county at the time the suit was brought. There would have been no

way under the law to have perfected service of process upon
him in Thomas county.　We think the evidence demanded a
finding that he was domiciled in Brooks county at the time
the suit was filed, and that therefore the suit was well brought
in that county.　This being so, if any errors were committed in
charging on this issue, they were immaterial.

　*Judgment affirmed　All the Justices concur, except Simmons,
C. J., absent.*