## WATTS v. WATTS.

The venue of a divorce suit, where the plaintiff and the defendant reside in different counties in this State, is the county of the residence of the defendant.

(a) Where both parties reside in different counties in this State the defendant in a divorce suit can not, by acknowledgment of service and agreement that the case be tried in the county of the residence of the plaintiff, confer power upon the court to render a valid judgment.

(b) Where, for reasons indicated in the preceding divisions of this headnote, the court is without jurisdiction of a divorce suit, and the defendant attempts, by waiver or consent, to confer jurisdiction, the trial judge may upon his own motion dismiss the suit, even after the rendition of the first verdict finding in favor of the grant of a divorce.

Submitted January 16,—Decided May 16, 1908.

Action for divorce. Before Judge Edwards. Paulding superior court. August 15, 1907.

*H. W. Nally,* for plaintiff.

ATKINSON, J. Mrs. Elizabeth Watts, a resident of Paulding county, filed her suit for divorce in the superior court of Paulding county against her husband, W. T. Watts, who at the time of filing the suit resided in Polk county, Ga. The defendant entered upon the original petition an acknowledgment as follows: "Due and legal service of the within petition for divorce and the process attached is hereby acknowledged. Copy waived and all other and further service acknowledged, and I agree that the superior court of Paulding county have jurisdiction of the case." At the trial term of the court the first verdict was rendered in favor of the plaintiff. At a subsequent term of the court, when the case was again on trial, the judge, upon his own motion, dismissed the case, on the ground that the superior court of Paulding county did not have jurisdiction. Upon that judgment the plaintiff assigned error.

In actions which are strictly personal, where the interests of third persons are not affected, a defendant may ordinarily waive the jurisdiction over his person, where the court has jurisdiction

over the subject-matter. Civil Code, §§ 5079, 5080. *Ansley Co.
v. O'Byrne,* 120 *Ga.* 618 (48 S. E. 228) ; *Epps v. Buckmaster,* 104
*Ga.* 698 (30 S. E. 959). The plaintiff in error contends that this
rule applies to the case at bar. To this contention we can not agree.
A divorce suit affects not merely the formal parties before the court,
but society at large. 9 Am. & Eng. Enc. L. (2d ed.) 728-9 (4).
On account of the peculiar interest of the public in the preserva-
tion of domestic relations, provisions have been made by the con-
stitution of this State, and by legislative enactment, which take
divorce suits out of the rules that govern other actions, and place
restrictions around them indicating a policy to hinder facility in
the procurement of divorces. This has been true ever since the
adoption of the constitution of 1798. In *Head* v. *Head,* 2 *Ga.* 191,
194, it was said : "It must be apparent to the most careless reader
that the constitution of 1798 is in restraint of divorces; the wise
framers of that instrument were careful to hinder facility in their
procurement." In our present code we find that the superior court
alone has jurisdiction to grant divorces, and that a total divorce
can not be granted by that court except upon the concurrent ver-
dicts of two juries at different terms of the court. Civil Code,
§§ 2425, 5867. Nor can a person obtain a divorce who has not
been a bona fide resident of the State twelve months before the
filing of the suit. Civil Code, § 2431. Nor can a verdict or judg-
ment by default be taken in a suit for divorce. The allegations
of the petition must be established by evidence before the juries.
Civil Code, §§ 2440, 5074. Again, "in divorce cases proceeding ex
parte, it is the duty of the judge to see that the grounds are legal
and sustained by proof, or to appoint the solicitor-general, or some
other attorney of the court, to discharge that duty for him." Civil
Code, § 2455. These and other laws peculiar to divorce suits
clearly indicate an intention upon the part of the lawmaking power
to impede the facility for obtaining divorces; and such purpose
can only be attributed to a zealous regard for the well-being of
society. Divorce suits affect not only the formal parties to the
suit, but the entire social fabric as well. Therefore the provisions
of the Civil Code, §§ 5079, 5080, which authorize parties in cer-
tain cases to waive jurisdiction, do not apply to a divorce suit.
A party may ordinarily waive a right in so far as it affects himself,
but not where the waiver might affect others. In fixing the venue

for the trial of divorce suits, they were put in a class separate and distinct from all other suits, and it was provided, in article 6, section 16, paragraph 1, of the constitution of the State of Georgia (Civil Code, §5869), that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." This provision of the constitution is mandatory and exhaustive, and has no qualification which authorizes jurisdiction to be conferred, by consent or otherwise, elsewhere than as expressly provided in the excerpt which we have just quoted. This provision of the constitution is in keeping with the general policy of the law already pointed out; and, in view of the welfare of society, there was manifestly an intent to withhold from the parties to the suit, who were not solely to be affected, the power, by waiver, to confer jurisdiction upon courts in counties other than those provided for by the express terms of the constitution. The superior court of Paulding county was without jurisdiction to render a valid judgment in this case, and it was proper for the judge, at any time while the suit was pending, to dismiss the same upon his own motion.

*Judgment affirmed. All the Justices concur.*