## ODUM *v.* ODUM.

1. Where a husband brought suit for divorce in a county which was not the county of the residence of his wife, and no service was made before the term of the court to which suit was brought, and after such term, and before the next term, the wife filed an answer in which she pleaded to the merits, and on the back of the petition signed a writing wherein there was an acknowledgment of due and legal service of the petition and process and a waiver of copies thereof, *Held:* While such applica-

tion was pending, the wife had the right to file an application for temporary alimony and have a hearing thereon.

2. The court did not abuse its discretion in deciding that the wife was entitled to temporary alimony, and in awarding to her the amount specified in its order.

Argued November 7, 1908.—Decided April 16, 1909.

Temporary alimony.    Before Judge Parker.    Wayne superior court.    September 12, 1908.

*James R. Thomas,* for plaintiff in error, cited Civil Code, §§2432, 4949, 5079; 86 *Ga.* 482; 115 *Ga.* 834; 127 *Ga.* 464; 128 *Ga.* 54.

*Hines & Jordan* and *L. L. Thomas,* contra, cited Civil Code, §§2430, 2433, 2457, 2460, 2461, 2467, 4901; 60 *Ga.* 204; 109 *Ga.* 465; 30 *Ga.* 81; 123 *Ga.* 802; 33 *Ga.* 172; 126 *Ga.* 438.

HOLDEN, J.    The plaintiff filed his petition against his wife for a divorce, in Wayne superior court, on the 6th day of February, 1908; and process was issued, requiring the defendant to appear at the March term, 1908.    No service by the sheriff of this petition and process was made, but on the 16th day of May, 1908, on the back of the petition the defendant, by her attorney at law, signed an acknowledgment of due and legal service of the petition and process, a waiver of a copy thereof and of all other and further service, and also a waiver of the jurisdiction of the court, and agreed that the succeeding term of Wayne superior court be made the trial term of the case.    On the 19th day of May, 1908, the wife filed an answer to the petition, wherein, among other allegations, she averred that the acts of adultery charged against her in the petition were untrue.    On the 22nd day of August, 1908, the wife filed her petition for temporary alimony and counsel fees, and asked an injunction against the defendant disposing of any of his property.    Service of this petition for temporary alimony was acknowledged by the husband; and upon the hearing thereof the court overruled the motion of the husband to dismiss the application on the ground that the wife alleged she was a resident of Tattnall county, Georgia, and not a resident of Wayne county, where his suit for divorce was filed, which he alleged was a nullity. He contended that the suit for divorce filed by him was void, and that the proceedings for temporary alimony could not be maintained.    This motion the court overruled, and, upon the hearing of the petition for temporary alimony, awarded, alimony and attorney's fees to the wife.    The answer and the affidavit of the wife

appear to have been made in Tattnall county, and she stated that she waived jurisdiction of Wayne superior court. This latter fact indicates she did not reside in Wayne county, where the husband's suit for divorce was filed. Counsel for both parties in this case seem to proceed on the idea that it is an undeniable fact that the wife resided in Tattnall county at the time of the institution in Wayne county of the suit for a divorce by her husband. If she resided in Tattnall county at the time the suit for divorce was filed, could she, under the facts of this case, maintain an application for temporary alimony? In the Civil Code, §4981, it is provided: "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." After the March term, to which the suit was brought, and before the trial term, the wife acknowledged service on the suit and filed an answer thereto. It is true that no service of the petition and process was made before the appearance term; but when the defendant filed a plea to the merits, this was a waiver of service and the case stood in the same position as if the defendant had been properly served. It is true that in a suit for divorce jurisdiction of the court can not be waived so as to permit a suit for divorce to be brought in a county other than that of the residence of the defendant. Civil Code, §10; *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593). It is also true that an application for temporary alimony will not lie unless there is a suit for divorce or for permanent alimony pending. Will the husband be permitted to say there was no suit for a divorce pending at the time of the application of the wife for temporary alimony? While his application for divorce was on file, the wife had the right to file an answer thereto. If either party stated in their pleadings that the defendant was not a resident of the county in which suit was filed, the other party could controvert this allegation and thus make and have tried an issue on the question of jurisdiction. She could have appeared and filed a plea to the jurisdiction, and he could not say there was no suit pending against her until the court sustained the plea and dismissed the suit, or it was voluntarily dismissed by the husband. Pending an application by the husband for a divorce in a county wherein the wife did not reside when the application was filed, the court would have the right to award her counsel fees as a part of her temporary alimony, for the pur-

pose of contesting the issue on the question of jurisdiction, and have it properly tried and determined, and to award an amount for her support pending the final determination of such issue. The fact that the court had no jurisdiction might be the only ground on which a wife might desire to resist an application for divorce. She certainly would have the right to make the issue as to whether or not the court had jurisdiction as long as the husband kept his application for divorce on file; and she would have the right to apply for temporary alimony for her support and for counsel fees to pay her attorney for representing her in the litigation brought on by the application for divorce by her husband, even though the court had no jurisdiction to hear the application for divorce because brought in the county wherein the defendant did not reside. When the husband files an application for divorce in a county wherein the wife does not reside, as long as such application is pending she has the right to apply for temporary alimony and attorney's fees, whether any question of jurisdiction is or is not made by either party. If the husband files an application for divorce in a county having no jurisdiction to grant him a divorce, or on grounds on their face insufficient to authorize a divorce, the fact that the wife does not plead the want of jurisdiction in the court, or the insufficiency of the grounds alleged, would not defeat her right to apply for temporary alimony and counsel fees as long as the application for divorce was on file in the court. The court committed no error in not dismissing the application for temporary alimony.

2. Under the evidence submitted at the hearing, the court did not abuse its discretion in holding that the wife was entitled to alimony and attorney's fees, nor in awarding to her the amount specified in its order.

*Judgment affirmed. All the Justices concur.*