JONES *v.* JONES.

748

No. 10884.   February 20, 1936.

*Feagin & Feagin* and *Tom Perry,* for plaintiff in error.

*Walter DeFore, James C. Estes,* and *H. W. McLarty,* contra.

RUSSELL, Chief Justice. It is our purpose to reduce all the points presented in this case to their last analysis. The case is one of attachment for contempt of court, to enforce the collection of alimony. The allowance of alimony is dependent upon the validity of a judgment entered on June 6, 1929, in the superior court of Bibb County, from which it appears that permanent alimony of $35 per month was granted. The petition now before the court asks only for the payment of $122.43 and interest. The husband, as respondent, alleges that the judgment of June 6, 1929, was void, and that alimony can not be based upon a void judgment. The first question that arises is whether it appears from the face of the record that the judgment in the divorce proceeding, in which alimony was granted, was void. If the judgment was valid, not only does alimony follow generally as a legal consequence, but compliance with the order to pay alimony may be enforced by attachment and imprisonment. The subjects of marriage and divorce and alimony are so largely involved in the public policy of the commonwealth in favor of matrimony as to have been subjected to constitutional provisions, many Code sections, and almost innumerable decisions. The question as to the validity of the judgment or decree upon which the alimony in this case is based is necessarily controlling. If the court was without jurisdiction to render the judgment, it is void; and the question arises as to whether there is any legal proceeding that can breathe life into a corpse. Art. 6, sec. 16, par. 1, of the constitution declares that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." It appears from the petition upon which the final decree of divorce and alimony is based that it was alleged that "Anna D. Jones is a non-resident of the State of Georgia (but petitioner does not know the city or town in which she resides)." Also, "Petitioner was then and has been since, a bona fide resident of the State of Georgia twelve months next before the filing of this application." These are the only paragraphs of the petition which allege the residence

of either party or throw any light on the subject of jurisdiction. An examination of the record shows that there was no service upon the defendant as a non-resident, by publication or otherwise. The wife, however, appeared in person and by attorney at the time of trial, and filed an answer in which she denied the allegation that she was a non-resident of Georgia. Upon these pleadings the case went to trial, and two consecutive verdicts were rendered granting the divorce as prayed for; and the second verdict was followed by the grant of alimony to the wife.

Then, did the court have jurisdiction? For without jurisdiction the judgment is void. Even if the wife were willing to submit to the jurisdiction of the superior court of Bibb County, and if the husband selected it as the forum in which he desired to bring his suit, the question arises whether they could confer jurisdiction by consent in a case of divorce, where under the policy of the law a divorce by consent or collusion is never granted. If the plaintiff wished to bring a suit against his wife for divorce, and she was not a non-resident of the State, he would have to proceed in the county of her residence in order to procure a valid divorce. The statement of the petitioner and the denial in the answer, without anything further appearing on the face of the proceeding, merely doubled the doubt and confusion as to which court in Georgia had jurisdiction. Jones asserts that the court should not have attached him for contempt, because the original judgment is void. Counsel for the defendant in error assert with skill and great vehemence that the judgment is not void, or, if originally for any reason void, that it has been ratified by the payment of alimony on several occasions; and that the ruling of the court on a prior effort to modify the judgment is now res judicata, and the respondent, not having taken exception to that judgment, is bound thereby. The Code of 1933, § 110-709, declares that "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." In *Towns* v. *Springer*, 9 *Ga.* 130, it was said: "The assailability of a judgment of a court of competent jurisdiction for *irregularity* [italics mine] is one thing—of a judgment of a court not having jurisdiction, for the want of jurisdiction, is a very different thing. In the latter case the judgment may be impeached

whenever and wherever it is sought to be used as a valid judgment, no matter in what way it is proposed to be used." In this case; in the hearing on the attachment for contempt, there was uncontradicted evidence that Mrs. Jones is a citizen of Fulton County, Georgia, was such at the time when the divorce proceeding was instituted, and has been such ever since. To our minds, it follows that this judgment was void ab initio. It matters not how often it may have been submitted to, or what has been done in various ways, as cited by counsel, if it was void for want of jurisdiction of the court to render it, no spark could be inspired which could give it validity. The original suit, upon the evidence before the court, could not have been legally brought elsewhere than in Fulton County; and the answer of the defendant impeaching the statement of the petitioner that she was a non-resident was not at all in conflict with the evidence introduced that she was a resident of Fulton County. If the defendant had admitted that she was a non-resident of the State, it might be that there would be no defect on the face of the record even tending to show that the court had no jurisdiction. *Judgment reversed. All the Justices concur.*