·BELLAMY *v.* BELLAMY.

No. 12429. NOVEMBER 16, 1938.

' *Fleming & Fleming,* for plaintiff in error.
*Henry T. Chance Jr.,* and *Roy V. Harris,* contra.

ATKINSON, Presiding Justice. .1. A suit for divorce must be brought in the county where the defendant resides, if a resident of this State; but if the defendant be a non-resident of the State, the suit should be brought in the county in which the plaintiff resides. Code, § 2-4301. And no divorce shall be granted to a person "who has not been a bona fide resident of the State 12 months before the filing of the application for divorce." § 30-107.

2. "The domicile of every person of full age, and laboring under no disability, is the place where the family of such person shall permanently reside, if in this State. If he has no family, or they do not reside in this State, the place where such person shall generally lodge shall be considered his domicile." Code, § 79-401. It has been held in a divorce suit, where the question of juris-

diction was at issue, that "after the defendant separated from his wife, with whom the children of the marriage remained, his place of residence would have to be determined as if he were 'a person having no family.'" *Smith* v. *Smith*, 136 *Ga.* 197, 199 (71 S. E. 158).

(*a*) The allegations of the husband's petition for divorce, as amended, charging substantially that the parties resided in a named city in the State of North Carolina at the time of the separation, where the defendant continues to reside with the children (issue of the marriage), and that petitioner separated from defendant and thereafter, for convenience of his described business involving continuous travel in several States, established his residence at a named hotel in the City of Augusta in Richmond County, Georgia, were sufficient under application of the above provision,. "if he has no family, or they do not reside in this State, the place where such person shall generally lodge shall be considered his domicile," to charge jurisdiction in Richmond County on the basis of residence at the Richmond Hotel in Augusta, Richmond County, Georgia. The judge did not err in overruling the general and special grounds of demurrer to the petition, the amendment, and the petition as amended.

(*b*) The provisions of the Code, § 79-406, relating to change of domicile, have no application to the allegations of the petition as amended.

3. The defendant filed an answer wherein she admits her residence in the State of North Carolina, and among other things she states that "she denies the allegations in paragraph 1 as to the residence of" the plaintiff, and alleges want of jurisdiction by charging that petitioner was not a bona fide resident of this State. The case went regularly to trial. A verdict was returned "against the plea for jurisdiction." The defendant's motion for new trial was overruled, and she excepted. Error is assigned also on the judgment overruling the demurrer.

(*a*) After the jury was stricken, the defendant "moved the court to require plaintiff to proceed first with his evidence to establish his qualification of twelve months residence before filing the present suit; in other words, that the plaintiff be required to take the burden of proof." The motion was overruled "on the ground that the defendant had filed a special plea to the jurisdiction, and

had thereby taken the burden of proof on that plea." The first special ground of the motion for new trial complains of this ruling. This being a divorce suit in which the defendant was a non-resident of the State, and jurisdiction of the court depending on residence in this State of the plaintiff, the parties by plea or otherwise could not waive the jurisdiction so as to dispense with proof in the court that the plaintiff had been a bona fide resident of this State for twelve months before the suit was filed. It was a part of plaintiff's case to make such proof, and the defendant's plea could not relieve him of the burden of making such proof. Code, § 30-107. *Dicks* v. *Dicks,* 177 *Ga.* 379, 382 (170 S. E. 245).

(*b*) The rule as to assumption by defendant of the burden of proof in cases other than for divorce, as stated in *Pyron* v. *Ruohs,* 120 *Ga.* 1060 (48 S. E. 434), does not apply.

(*c*) In view of the foregoing rulings, which will require a reversal of the judgment refusing a new trial, and as the evidence may not be the same on a subsequent trial, the questions raised in other special grounds of the motion for a new trial, complaining of the refusal of certain requests by the defendant to charge the jury, and of the charge as given, will not be dealt with.

4. Neither will any ruling be made on the assignments of error based on the general grounds of the motion for a new trial.

*Judgment affirmed as to the ruling on demurrer, and reversed as to the ruling denying a new trial. All the Justices concur.*