## JOHNSON *v.* JOHNSON.

No. 12965. SEPTEMBER 16, 1939.

*Carlisle Cobb,* for plaintiff.   *Frank A. Doughman,* for defendant.

BELL, Justice.   In a suit for divorce instituted in Fulton County the husband filed an answer and a plea to the jurisdiction, presenting in each the contention that he was not a resident of that county, but resided in Clarke County, at the time the suit was filed.   After verdicts in favor of the plaintiff, a decree granting a total divorce was entered.   Subsequently the husband filed a petition to set aside both verdicts and the decree, on the ground that the court did not have jurisdiction to grant the divorce, alleging the same facts which he had averred in his answer and special plea.   He had not appeared *in person* to defend the action, and as to his failure to appear his petition to set aside the verdicts and judgment, in which he referred to himself as plaintiff, alleged the following : "That plaintiff was confused as to the time of trial, and was not present when the first verdict was taken on November 17, 1938.   And again, when the second verdict and judgment were taken on March 9, 1939, this plaintiff was absent, though he intended to be there and urge especially the point of lack of jurisdiction of the court, and said second verdict and judgment were taken and rendered as shown by the record in said divorce case to which reference is hereby made.   Plaintiff was again confused about the time, though it is admitted that possibly if he had been somewhat more diligent he would have been better informed. Plaintiff does not know precisely what testimony was offered in said divorce case as to his residence in Fulton County, for he was not present, and does allege and say that if any one, or more, testified that this plaintiff was a resident, at the time of the said divorce suit, of Fulton County, Georgia, it was not true but was false."   The court dismissed the petition on general demurrer, and the petitioner excepted.

While it is true that when both the parties in a divorce suit were residents of this State, a judgment granting a divorce is invalid unless the suit was brought in the county in which the defendant resided (*Watts* v. *Watts,* 130 *Ga.* 683, 61 S. E. 593; *Jones* v. *Jones,* 181 *Ga.* 747, 184 S. E. 271), this does not mean that the question of venue can be made the subject of continued litigation, once it has been determined in a proper manner.   "A judgment

shall be admissible between any parties to show the fact of the rendition thereof; between parties and privies it is conclusive as to the matter directly in issue, until reversed or set aside." Code, § 38-623. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." § 110-501. These rules of law are applicable to a decree of divorce, at least to the extent of defeating the present petition.

· In the action for divorce it was necessary to allege the correct venue, as prescribed by the constitution (Code, § 2-4301), and to make affirmative proof thereof, since "No verdict or judgment by default shall be taken in a suit for divorce, but the allegations in the petition shall be established by evidence before both juries." Code, § 30-113. The husband appeared and filed an answer denying the allegation as to residence; he filed also a plea to the jurisdiction. The question as to jurisdiction was necessarily litigated, and the result is binding on the husband, in the absence of fraud, accident, or mistake, unmixed with negligence on his part. Compare *McConnell* v. *McConnell,* 135 *Ga.* 828 (70 S. E. 647) ; *Drake* v. *Drake,* 187 *Ga.* 423 (5) (1 S. E. 2d, 573) ; *Dyal* v. *Dyal,* 187 *Ga.* 600 (2) (1 S. E. 2d, 660) ; *Young* v. *Young,* 188 *Ga.* 29 (2 S. E. 2d, 622). If the petition of the husband be treated as a suit in equity, it showed no sufficient reason for his failure to contest the suit. *Reed* v. *Kriegshaber,* 171 *Ga.* 352 (155 S. E. 469) ; *Huson Ice & Coal Co.* v. *Covington,* 178 *Ga.* 6 (172 S. E. 56) ; *Young* v. *Young,* supra. If it should be treated as a motion to set aside the verdicts and judgment for matters not appearing upon the face of the record, it is fatally defective for the want of a brief of evidence. *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684) ; *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (177 S. E. 685) ; *Wrenn* v. *Allen,* 180 *Ga.* 613 (180 S. E. 104) ; *New York Life Insurance Co.* v. *Cook,* 182 *Ga.* 409 (185 S. E. 711) ; *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753). The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*