## MOODY *v.* MOODY.

JENKINS, Justice. 1. While it is the well-settled rule that this court "will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case" (*Weinkle* v. *Brunswick & Western*

*R. Co.,* 107 *Ga.* 367, 368, 33 S. E. 471; Code, § 6-1608; *Sparks* v. *Noyes,* 64 *Ga.* 437; *Merriam* v. *Atlanta,* 61 *Ga.* 222; *Macon Consolidated Street R. Co.* v. *Jones,* 116 *Ga.* 351, 42 S. E. 468; *Griffith* v. *Sellers,* 170 *Ga.* 577, 153 S. E. 359; *Glenn* v. *Tankersley,* 187 *Ga.* 129, 200 S. E. 709), it has nevertheless been held with equal uniformity that if the evidence does demand the verdict rendered, the first grant of a new trial will be reversed. *Brenner* v. *Wright,* 187 *Ga.* 770, 772 (2 S. E. 2d, 410), and cit.

2.(*a*) In a suit for divorce, not only must the plaintiff have been "a bona fide resident of the State twelve months before the filing of the application for divorce," or a resident of a "United States army post or military reservation within the State," adjacent to the county where the suit is brought, "for one year next preceding the filing of the petition" (Code, § 30-107, as amended by the act of 1939, Ga. L. 1939, p. 203), but under the constitution (§ 2-4301), suit must be brought "in the county where the defendant resides, if a resident of this State," or, "if the defendant be not a resident of this State, then in the county in which the plaintiff resides." These provisions of the constitution are mandatory and exhaustive, and have no qualification which authorizes jurisdiction to be conferred by consent otherwise. Accordingly, where both parties are residents of this State, a divorce is invalid unless the suit was brought in the county where the defendant resided. *Johnson* v. *Johnson,* 188 *Ga.* 800 (4 S. E. 2d, 807); *Jones* v. *Jones,* 181 *Ga.* 747 (4), 752 (184 S. E. 271); *Odum* v. *Odum,* 132 *Ga.* 437, 439 (64 S. E. 470).

(*b*) The essential allegations in a petition for divorce, including jurisdiction, must be established before both juries; and the burden of proving the jurisdictional requirements is on the plaintiff. Code, § 30-113; *Bellamy* v. *Bellamy,* 187 *Ga.* 56, 58 (199 S. E. 745); *Dicks* v. *Dicks,* 177 *Ga.* 379, 382 (170 S. E. 245).

3. In the instant petition by a wife, besides asking temporary and permanent alimony, she prayed for only a total divorce on the grounds of cruel treatment and habitual intoxication, as to which juries are authorized "in their discretion to grant either a total or partial divorce." Code, § 30-104. The jury found for the defendant. The judge sustained a motion by the plaintiff for a new trial, containing the general grounds, but only on the special ground that he had erred in charging that "The only issue submitted to you by the court is whether or not you will grant a first verdict in favor of a *total* divorce," without informing the jury as to their power to grant a *partial* divorce. The pleadings contained nothing as to the residence of the parties. The only proof relating to jurisdiction was the testimony of the plaintiff, that she had been living with the defendant, and that she had lived in Georgia all her life—"more than twelve months before filing this suit," but without any statement as to the county of such residence. Accordingly, under the preceding rules, and irrespective of whether or not it was error to withdraw from the jury the question of granting a *partial* divorce in the absence of any prayer therefor or any request to

charge thereon, the verdict for the defendant was demanded as a matter of law; and it was error to grant a new trial.

*Judgment reversed.   All the Justices concur.*

No. 14360.   November 12, 1942.

*Hamilton Kimzey, Herbert B. Kimzey, Irwin R. Kimzey,* and *Frank Jackson Adams Jr.,* for plaintiff in error.

*A. H. Henderson* and *J. E. Frankum,* contra.