## STEWART *v.* STEWART.

No. 14442. MARCH 9, 1943.

462

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* and *Elsie H. Griner,* for plaintiff in error. *Lindley W. Camp,* contra.

DUCKWORTH, Justice. ■ The county in which a suit for divorce must be filed is fixed by the constitution. Code, § 2-4301. It is there provided that if the defendant is a resident of the State, suit must be brought in the county where the defendant resides; and if the defendant is a non-resident of the State, then suit must be brought in the county in which the plaintiff resides. There are no exceptions to this rule, and a failure to observe it deprives the court of jurisdiction, which renders void any judgment or decree therein. *Haygood* v. *Haygood,* 190 *Ga.* 445 (4) (9 S. E. 2d, 834, 130 A. L. R. 87). It is essential to the validity of the suit that venue be alleged as prescribed by the foregoing constitutional provision, and to authorize a valid judgment this allegation must be supported by evidence. *Johnson* v. *Johnson,* 188 *Ga.* 800, 802 (4 S. E. 2d, 807). The burden is upon the petitioner to prove resi-

dence, in order to show the court's jurisdiction; and where the defendant asks for alimony, she likewise has the burden of proving this jurisdictional matter. *Jones* v. *Jones,* 181 *Ga.* 747 (184 S. E. 271). Although it was held by this court in *McConnell* v. *McConnell,* 135 *Ga.* 828 (70 S. E. 647), that an express recognition of the court's jurisdiction, made in an acknowledgment of service by the defendant, was prima facie evidence of jurisdiction, and the decree entered therein would not be set aside on subsequent motion of the defendant upon the ground of the defendant's non-residence, that ruling was (p. 832) expressly based upon an estoppel of the defendant to contradict his voluntary act in admitting that the allegation of the petition as to the court's jurisdiction was true. The court said: "The question as to whether or not the verdicts and decree for divorce are valid is not involved in this case." The opinion recognized the ruling made in *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593), where it was held that the agreement by the defendant that the divorce case be tried in the county where it was filed, which was not the residence of the defendant, did not give the court jurisdiction; and that in spite of such an agreement the court of its own motion, before final verdict, could dismiss the suit for want of jurisdiction. It was stated that the ruling in the *Watts* case did not conflict with the ruling there made. Parties can not by waiver or agreement confer jurisdiction upon the court where the essential jurisdictional matters stated in the constitutional provision are absent. See *Odum* v. *Odum,* 132 *Ga.* 437 (64 S. E. 470); *Fuller* v. *Curry,* 162 *Ga.* 293 (133 S. E. 244); *Bilbo* v. *Bilbo,* 167 *Ga.* 602 (146 S. E. 446). It may be safely asserted that there is no way whereby the provisions of the constitution on this subject can be circumvented, and no substitute for the plain requirements therein stated can be found, and that the actual residence as there required is indispensable to the jurisdiction of the court.

However, some difficulty is encountered when it is sought to determine exactly what facts and conditions constitute residence as referred to in the constitutional provision. Domicile of an adult person laboring under no disability is where the family of such person permanently resides in the State. If one has no family or the family does not reside in the State, the place where such person shall generally lodge is his domicile. Code, § 79-401. Domicile

of a person sui juris may be changed "by an actual change of residence with the avowed intention of remaining. A declaration of an intention to change the domicile is ineffectual for that purpose until some act is done in execution of the intention." Code, § 79-406. The evidence offered in support of the motion to dismiss shows, without dispute, an intention on the part of the defendant to change her residence. We think it also shows "an actual change of residence." She testified as follows: "I moved all of my personal effects and other things from the Chestatee Inn to the Fairview Road house, which is in DeKalb County, Georgia, and gave up .my room at the Chestatee Inn." This testimony not only shows that the personal effects and property of the defendant were actually moved to DeKalb County, but it shows that the defendant herself moved it; and to do this she had to go in person to the residence on Fairview Road in DeKalb County. It is our opinion that the evidence demanded a finding that the defendant in April, before the divorce suit was filed in June, changed her domicile from Fulton to DeKalb County, and that she was a resident of the latter county at the time the divorce suit was filed in Fulton County. The evidence on a change of the domicile meets the requirements of law as stated in *Worsham* v. *Ligon,* 144 *Ga.* 707 (87 S. E. 1025), and *Williams* v. *Williams,* 191 *Ga.* 437 (12 S. E. 2d, 352). In *Redfearn* v. *Hines,* 123 *Ga.* 391 (51 S. E. 407), this court held that the facts demanded a finding that the domicile had been changed. There a resident of Thomas County sold his home and moved temporarily to Brooks County, where he lived with his mother and sister, intending to return to Thomas County when he built his home in Thomas County, but for the time being he had no home in Thomas County. He worked the roads in Thomas County, paid his poll-tax in Thomas County, and always regarded Thomas County as his home. This court held that such evidence demanded a. finding that he was domiciled in Brooks County. It was pointed out in the opinion that he owned no home and had no family residing in Thomas County, and that there would have been no way under the law to have perfected service of process upon him in Thomas County. There, as here, the defendant actually removed from the county of his domicile. There the defendant intended to return, while here the defendant had no such intention. There one of the ingredients of domicile, intention, was

present; while here neither this nor the other ingredient of actually residing is present as relates to Fulton County. On authority of that decision, the evidence here demanded judgment sustaining the motion to dismiss. *Judgment reversed. All the Justices concur.*

BELL, Presiding Justice, and JENKINS, Justice, concur in the decision as delivered, with reservation that they do not commit themselves as to correctness of the decision in *Redfearn* v. *Hines,* 123 *Ga.* 391 (supra), by five Justices. Compare *White* v. *Glasgow,* 193 *Ga.* 609 (19 S. E. 2d, 305).