## DARBIE *v.* DARBIE.

JENKINS, Justice. 1. Art. 6, ch. 2-43, sec. 16 of the State constitution provides that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." Code, § 2-4301. These constitutional requirements are mandatory and jurisdictional, should as against demurrer be alleged, and must be proved; and can not be modified by waiver or consent. *Haygood* v *Haygood*, 190 *Ga.* 445, 448 (9 S. E. 2d, 834), and cit.; *Owens* v. *Owens* 190 *Ga.* 191, 192 (8 S. E. 2d, 644) ; *Bellamy* v. *Bellamy*, 187 *Ga.* 56, 58 (199 S. E. 745) ; *Jones* v. *Jones*, 181 *Ga.* 747 (4), 751 (184 S. E. 271) ; *Wade* v. *Wade*, 195 *Ga.* 748 (25 S. E. 2d, 683).

2. Before its amendment in 1939 (Ga. L. 1939, p. 203), section 30-107 of the Code of 1933 provided as follows: "No court shall grant a divorce of any character to any person who has not been a bona fide resident of the State 12 months before the filing of the application for divorce." 

3. The ruling of this court in *Dicks* v. *Dicks*, 177 *Ga.* 379 (170 S. E. 245), decided in 1933, with respect to a divorce suit brought in 1932, was that, while the statute in conferring jurisdiction in divorce suits might not exact citizenship, the word "resident" as there used was equivalent

to domicile; and that a non-resident of this State could not acquire a Georgia domicile, such as would authorize the bringing of a divorce suit, under the statute quoted, by residing on or within a United States military reservation.

4. Thereafter, by act of the General Assembly approved March 24, 1939, the Code, § 30-107, was amended by adding at its end the words: "Provided, that any person who has been a resident of any United States army post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation." Ga. L. 1939, p. 203.

5. The instant suit for divorce was brought in Muscogee County against the defendant wife as a non-resident after the Code, § 30-107, had been amended, and alleged that: "Petitioner, for twelve months next preceding the filing of this application for divorce, was and is a bona fide resident of the State of Georgia and of Muscogee County, within the meaning of section 30-107, as amended, of the Code of Georgia, Annotated, of 1933, in that petitioner, for a period of one year next preceding the filing of this application for divorce, was a member and officer of the army of the United States of America, and during said period was a resident of, and stationed at, Fort Benning, Georgia, an army post or military reservation of the United States, the land forming such post or military reservation being formerly a part of Chattahoochee County, Georgia, and at all times herein referred to said post or military reservation lay adjacent to Muscogee County, Georgia; and this action for divorce is brought in the superior court of Muscogee County, Georgia, under authority of the constitution of the State of Georgia and of said Code, § 30-107."

6. Since the constitution itself provides that a suit for divorce, brought in this State against a non-resident, must be in the county in which the plaintiff resides, the provision of the act of 1939, declaring that "any person who has been a resident of any United States army post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation," must be declared unconstitutional and void in so far as it permits a resident of this State to bring a suit for divorce against a non-resident defendant in any county other than that in which the plaintiff resides. Since it appears that the plaintiff lived in a government military reservation on lands ceded to the United States from Chattahoochee County, and that the suit was brought in Muscogee County, it can not possibly be said that the suit as brought was in conformity with the controlling constitutional provision; and this is true irrespective of any question as to the constitutionality of the amendment to the statute with respect to what might constitute residence within the meaning of the foregoing provision of the constitution.

*Judgment affirmed. All the Justices concur.*

No. 14471. APRIL 15, 1943.

*Swift, Pease, Davidson, Swinson & Chapman,* and *Arthur F. Copland,* for plaintiff.