## WADE v. WADE.

JENKINS, Justice. 1. "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." Code, §§ 2-4301, 30-107. In this petition for divorce by a husband, in which he alleged that he was "a resident of this State," and that the wife was a resident of another State, it was necessary to bring the suit in the county where the plaintiff resided.

2. These provisions as to venue in divorce cases are mandatory and jurisdictional; and as against demurrer should be alleged, and must be proved. Jurisdiction can not be conferred on the superior court of a different county by waiver or consent. A failure to make proof of the venue will render a verdict for divorce subject to be set aside by proper procedure. *Haygood* v. *Haygood*, 190 *Ga.* 445, 448 (9 S. E. 2d, 834), and cit.; *Moody* v. *Moody*, 195 *Ga.* 13 (22 S. E. 2d, 836), and cit.; *Bellamy* v. *Bellamy*, 187 *Ga.* 56, 58 (199 S. E. 745); *Dicks* v. *Dicks*, 177 *Ga.* 379, 382 (170 S. E. 245), and cit. Such proof is essential, even though the absence of this jurisdictional averment may be supplied by amendment. *Owens* v. *Owens*, 190 *Ga.* 191, 192 (8 S. E. 2d, 644), and cit.

(a) Since the record in this case fails to contain any averment or evidence as to the residence of the plaintiff husband in the county where the suit was brought against a resident of another State, it was error to refuse a new trial on the general grounds. The verdict being thus unsupported by essential evidence, it was unnecessary to raise the question by a special ground.

(b) Although the testimony of the plaintiff showed that he was an army officer, and he brought this petition in Muscogee County, adjoining Fort Benning military reservation, he did not allege that he was a resident in that reservation, but set forth merely that he was "a resident of the State," without any averment or proof as to his place of residence. Accordingly, no question is presented as to the proper venue under the constitution in a case of that character (Code, § 2-4301), or as to the constitutionality of the act of 1939 (Ga. L. 1939, p. 203; Code Supp. § 30-107), amending § 30-107, with reference to the filing of divorce petitions, by residents of those reservations, in adjacent counties. See, in this connection, *Darbie* v. *Darbie*, 195 *Ga.* post, and cit.

*Judgment reversed. All the Justices concur.*

No. 14440. APRIL 15, 1943.

*Joseph S. Ray,* for plaintiff in error.

*W. B. Skipworth Jr.,* and *Joseph O. McGehee,* contra.