## HARMON *v.* HARMON.

CANDLER, Justice. 1. Our Constitution of 1945, by article 6, section 14, paragraph 1, provides that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this state; if the defendant be not a resident of this state, then in the county in which the plaintiff resides, provided, that any person who has been a resident of any United States army post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation." Code (Ann.), § 2-4901. These provisions of the Constitution are mandatory, exhaustive, jurisdictional, and without qualification; hence jurisdiction in a divorce action may not be conferred upon a court in which it is wanting either by the defendant's appearance and pleading or otherwise. *Moody* v. *Moody,* 195 *Ga.* 13 (22 S. E. 2d, 836), and citations.

(*a*) The essential allegations in a petition for divorce, including jurisdiction, must be established by evidence, and the burden of proving such allegations rests upon the plaintiff. Code, § 30-113; *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593); *Dicks* v. *Dicks,* 177 *Ga.* 379, 382 (170 S. E. 145); *Bellamy* v. *Bellamy,* 187 *Ga.* 56, 58 (199 S. E. 745); *Stewart* v. *Stewart,* 195 *Ga.* 460 (24 S. E. 2d, 672).

(*b*) And a divorce granted by a court having no jurisdiction of the subject matter and of the parties is a nullity. *Odum* v. *Odum,* 132 *Ga.* 437,

439 (64 S. E. 470); *Jones* v. *Jones,* 181 *Ga.* 747 (4) (184 S. E. 271); *Johnson* v. *Johnson,* 188 *Ga.* 800 (4 S. E. 2d, 807).

2. In the instant case, while the petition properly alleges jurisdiction in Fulton County, Georgia, the evidence was insufficient to prove the venue. As to the residence of the defendant, no evidence is found in the record showing or tending to show that he in fact resided in Fulton County, Georgia, when this litigation was instituted; but that he then resided in Wolfe County, Kentucky, as averred in his answer, is not contradicted in any way by the evidence. And as to the residence of the plaintiff, the evidence was amply sufficient to show that she had resided in the State of Georgia for more than six months immediately prior to the date upon which her suit was filed; but proof only of the fact that she then resided at "743 Pulliam Street in the City of Atlanta" was insufficient to show that she resided in Fulton County. We judicially know that the City of Atlanta is in the counties of Fulton and DeKalb (Code, § 38-112; *Avera* v. *State,* 25 *Ga. App.* 276, 103 S. E. 94; *Davis* v. *State,* 66 *Ga. App.* 214, 17 S. E. 2d, 554); but judicial cognizance of the location of its streets is not so taken. *Carter* v. *State,* 48 *Ga.* 43; *Alexander* v. *State,* 105 *Ga.* 834 (31 S. E. 754); *Kolman* v. *State,* 124 *Ga.* 63 (52 S. E. 82); *Pearson* v. *Horne,* 139 *Ga.* 453 (77 S. E. 387); *Causey* v. *Swift & Co.,* 57 *Ga. App.* 604, 610 (196 S. E. 228). So, since the essential requirement of jurisdiction was not proven, the motion to vacate and set aside the verdict and judgment granting a divorce, based as it was upon such lack of evidence as a ground therefor, should have been granted; it was reversible error not to do so.

3. While the validity of the decree, insofar as it awards permanent alimony to the plaintiff for the support of her minor children, is not specifically questioned upon the ground that it has no support in the verdict, yet, since no valid divorce was granted in the cause and the prayer for alimony was incidental to the suit for divorce, the decree awarding alimony is without legal force and effect; thus being void, it will be set aside without prejudice to the plaintiff and the minor children. Code, § 30-210; *Black* v. *Black,* 149 *Ga.* 506 (101 S. E. 182); *Mullally* v. *Mullally,* 199 *Ga.* 708 (3) (35 S. E. 2d, 199); *Davis* v. *Davis,* 206 *Ga.* 559 (3) (57 S. E. 2d, 673), and citations.

4. Under Code § 30-127, the court can make a final disposition of the minor children of the parties only when a divorce is granted. *Keppel* v. *Keppel,* 92 *Ga.* 506 (17 S. E. 976). This power is incident to the divorce proceeding, and is exercisable only when a valid divorce is granted between the parties. *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (2) (129 S. E. 658); *Black* v. *Black,* 165 *Ga.* 243 (140 S. E. 364). In this case, since no valid divorce was granted for the reason previously stated, the court was without power to fix custody and control of the minor children of the parties, and the motion to set aside the order undertaking to do so should have been granted.

5. For reasons stated in the preceding notes, the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18019. Argued November 13, 1952—Decided January 12, 1953.

*Joseph S. Crespi,* for plaintiff in error.
*George C. Mitchell,* contra.