SHELTON *v.* SHELTON.

DUCKWORTH, Chief Justice. The petitioner here seeks to obtain a divorce from the defendant under the Georgia divorce law on the ground of incurable insanity as set forth in Code (Ann. Supp.), § 30-102 (11) (Ga. L. 1951, pp. 744, 745), by virtue of an adjudication of the defendant's insanity in the State of Virginia in 1939 and his confinement in a hospital for the insane in that State since that time, but the lower court dismissed the petition for lack of jurisdiction. *Held:*

1. Marriage and divorce are matters in which the public is concerned, and the public policy of this State is to foster and protect marriage and requires the closest scrutiny in all cases which affect the severance of the marital relation. *Jones* v. *Jones,* 181 *Ga.* 747 (184 S. E. 271); *Haygood* v. *Haygood,* 190 *Ga.* 445, 448 (9 S. E. 2d, 834); *Tatum* v. *Tatum,* 203 *Ga.* 406, 409 (46 S. E. 2d, 915).

2. The settled law in this State is that, unless authorized by statute, insanity or other mental incapacity arising after marriage is not cause for divorce. *Head* v. *Head,* 2 *Ga.* 191. Therefore, any change in the settled law by statute making postnuptial insanity a ground for divorce should be strictly construed. See 17 Am. Jur. 228, § 152; 113 A. L. R. 1254. The divorce laws of Georgia (Ga. L. 1951, pp. 744, 745) now allow incurable insanity as a ground for divorce where "the insane party shall have been adjudged insane according to the provisions of section 49-604," and the petitioner here seeks to show that the adjudication of insanity in Virginia was similar to and the same as an adjudication according to the Georgia statute. The words "according to the provisions of" the statute can not be construed as relating to or embracing an adjudication of insanity and commitment in another State under the laws of such other State, however similar their provisions may be to the Georgia law. The legislature of this State is aware of the cloak of protection placed around the insane by our laws both for the protection of the public and to protect the interest of the insane, and their requirement is a logical one in allowing only divorces, in the case of incurable insanity, where the adjudication of insanity is according to the provisions of our law. For a similar case in another jurisdiction see Dribin *v.* Superior Court, Los Angeles County, 37 Cal. 2d, 345 (231 Pac. 2d, 809).

3. Where the court is without jurisdiction to render a valid judgment in a divorce case it is proper for the judge, at any time while the suit is pending, to dismiss it upon his motion. *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593); *Stewart* v. *Stewart,* 195 *Ga.* 460, 463 (24 S. E .2d, 672). Accordingly, the lower court did not err in dismissing the petition here for divorce.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18031. ARGUED NOVEMBER 13, 1952—DECIDED JANUARY 12, 1953.

*Walter L. & Robert L. Mitchell,* for plaintiff in error.