Hyman Korn, J.
In this action the plaintiff seeks a declaratory judgment adjudging and declaring that the alleged divorce, procured by the defendant husband, Purnell Mincy, from the plaintiff in Richmond County, State of Georgia, on the 29th day of July, 1958, is invalid and of no force or effect in law, and adjudging and declaring that the plaintiff is the lawful wife of the defendant, Purnell Mincy, and adjudging and declaring that the defendants, Purnell Mincy and Veronica Mincy, are not husband and wife.
The plaintiff and the defendant Purnell Mincy were married on August 8, 1937 and the sole issue of the marriage is a son, Richard Mincy, now 21 years of age. The plaintiff and the defendant Purnell Mincy lived together as husband and wife up to December, 1955. The defendant husband was employed as a taxicab operator for the Helen Maintenance Corporation from July 23, 1950 up until July 10, 1957. On July 13, 1957 the defendant husband went to the State of Georgia and commenced an action for divorce in the State of Georgia on February 3, 1958, about six-and-a-half months after leaving the State of New York.
Service was by publication, pursuant to an order of the Richmond Superior Court of the State of Georgia. The defendant [plaintiff here] did not appear in the action either in person or by an attorney.
The defendant husband offered in evidence a withholding tax statement for the year 1957 showing employment in Augusta, Georgia; a motor vehicle operator’s license issued to him on February 18, 1958, and a hospital bill showing confinement to a hospital in Augusta from January 10,1958 to January 15,1958.
The proof shows that he returned to New York City on March 19, 1958 and that he resumed his employment on that date with the former employer, Helen Maintenance Corporation, and that he has been employed with that concern since that time, except that he was away from work for the period May 16, 1958 to May 24,1958. The proof of this employment was testified to by the dispatcher of the Helen Maintenance Corporation and the production of the employment records of this concern, and also by the testimony of the defendant husband himself.
*1037 The defendant husband obtained a decree of divorce in the Georgia court on July 29, 1958 and married the defendant Veronica Mincy on August 24, 1958 in the State of New Jersey.
The mere residence within a particular State of a plaintiff in a divorce action of such a State is not sufficient to confer jurisdiction upon such court to dissolve the marriage existing between the plaintiff and a nonresident defendant, so as to require recognition of the decree under the full faith and credit clause by the State in which the defendant is domiciled. The courts of this State may always look into the question to see whether the foreign court had jurisdiction, and if there is a lack of jurisdiction, this court may not recognize such a foreign decree. A New York court is permitted to examine into the factual questions relating to the jurisdiction of the foreign court.
In this case, an attack is made upon a sister-State decree on the ground that the decree was procured by fraud, which was practiced upon the sister State, which related to the jurisdiction of the court to render the decree, and by reason of which, the decree may he treated as void.
This court has examined into all the relevant facts with regard to this issue. The facts are as follows: The employment records of the employer, Helen Maintenance Corporation, show that on July 28, 1958 the defendant husband was employed in the City of New York. The defendant husband himself testified that he was not in the State of Georgia on the said date, and that he had not been in that State since March 19, 1958, except for the period May 16, 1958 to May 24, 1958; that he was told that his appearance would not be required in the Georgia court. A certified copy of the papers in the file of the Georgia court shows that on July 19, 1958, a commission was issued to several notaries public (Augusta, Georgia) to take the testimony of Purnell Mincy, a material witness in said suit, who could not attend the said court in person without manifesting inconvenience. The testimony was to he given to certain interrogatories. The interrogatories, which were annexed, and the answers to the same were to be returned to the court, which was to he held on July 29, 1958. The interrogatories contained eight questions including No. 6: “ Have you been a bona fide resident of Richmond County for more than six months before the filing of your petition for divorce ? ” Although the defendant by his testimony was not in the State of Georgia and testified that he never appeared before any commissioners, there were attached answers to the interrogatories, including an answer to No. 6, as follows: “ Yes, residing at 1112 Perry *1038 Avenue, in the City of Augusta.” The interrogatories were allegedly sworn and subscribed to on July 28, 1958 by the defendant husband before two notaries public. It would appear, to say the least, that this was impossible in view of the proof offered at the trial.
In the State of Georgia, ‘ ‘ no verdict or judgment by default shall be taken in any such case, but the allegations of the petition shall be established by evidence before the judge or jury, as the case may be.” (Georgia Code, Ann., § 30-113.) This also applies to divorce actions.
In Harmon v. Harmon (209 Ga. 474-475) the Supreme Court of Georgia, in a divorce proceeding, said: “ (a) The essential allegations in a petition for divorce, including jurisdiction, must be established by evidence, and the burden of proving such allegations rests upon the plaintiff. Code, § 30-113; Watts v. Watts, 130 Ga. 683 (61 S. E. 593; Dicks v. Dicks, 177 Ga. 379, 382 (170 S. E. 145); Bellamy v. Bellamy, 187 Ga. 56, 58 (199 S. E. 745); Stewart v. Stewart, 195 Ga. 460 (24 S. E. 2d, 672). (b) And a divorce granted by a court having no jurisdiction of the subject matter and of the parties is a nullity. Odum v. Odum, 132 Ga. 437, 439 (64 S. E. 470); Jones v. Jones, 181 Ga. 747 (4) (184 S. E. 271); Johnson v. Johnson, 188 Ga. 800 (4 S. E. 2d, 807).”
The court finds that the Georgia court lacked jurisdiction to grant the divorce and, therefore, the divorce procured by the defendant Purnell Mincy from the plaintiff in the County of Richmond, State of Georgia, on July 29, 1958 was and is fraudulent and null and void and of no force and effect whatsoever. The court finds that the plaintiff was and at all times since August 8, 1937 has been the lawful wife of the defendant Purnell Mincy.
Settle findings of fact, conclusions of law and judgment on notice. Please call for exhibits.