21461. BLANTON v. BLANTON.

ARGUED NOVEMBER 14, 1961—DECIDED JANUARY 4, 1962—
REHEARING DENIED JANUARY 22, 1962.

*G. Seals Aiken, George C. Mitchell,* for plaintiff in error.

*A. J. Henderson, Marion T. Pope, Jr.,* contra.

GRICE, Justice. The assignment of error here is to the dismissal upon demurrer of a wife's petition to set aside a divorce decree for lack of jurisdiction.

Mrs. Betty Elvetta Blanton, on June 15, 1961, filed a petition against Lester Blanton, in the Superior Court of Cherokee County, seeking to set aside a judgment of divorce rendered on January 18, 1959, upon the ground that her residence was in Cobb County instead of Cherokee County. The allegations of her petition, insofar as material here, may be stated as follows: That since March 29, 1958, she had been a resident of Cobb County, which fact was known to the husband and his family; that in April of that year at the instance of the husband and his family she was taken to Cherokee County where she was adjudged insane; that her sanity was restored on September 8, 1958, pursuant to her petition previously filed in the Court of Ordinary of Cherokee County; that the divorce suit now involved was filed by her husband on August 15, 1958, and was served upon her on September 8, 1958, following restoration of her sanity.

She further alleged that she had "filed an answer and cross-bill to the divorce proceedings in which she denied under oath being a resident of Cherokee County, Georgia, and subject to the jurisdiction of said court."

Her petition then recited that, on January 18, 1959, a jury verdict was rendered in the husband's favor and a final judgment and decree was signed by the trial judge; that these events were unknown to her until January 23, 1959; and that, upon learning of them, she left her residence in Cobb County for the purpose of driving to the Superior Court of Cherokee County to inquire into the proceedings, but while en route was involved in an automobile collision, which required her to be hospitalized, thus preventing her then inquiring into the matter.

The allegations were also that since her residence was, from March 29, 1958, continuously in Cobb County, the Superior Court of Cherokee County lacked jurisdiction over her and its judgment was void; and that she was in poor health and this issue was material to her interest. She prayed that the verdict, final decree and judgment be declared void and of no effect.

There is no explanation given as to why she was not present at the trial of the divorce action. Neither does she allege whether the judgment in that action was excepted to.

The husband interposed general and special demurrers to the petition, and the trial judge sustained them, dismissing the petition. Since the ruling upon the general demurrers is controlling, no further reference will be made to the special demurrers.

In considering the allegations of the petition as against general demurrer, we are brought directly to the effect of the judgment of January 18, 1959, granting the divorce.

Several features stand out. The wife's petition in the instant proceeding recited that she, by her pleadings, sought to resist the husband's claim for divorce and denied that she resided in Cherokee County so as to give that court jurisdiction. Her petition showed that, when she filed her pleadings in the divorce action, she was fully aware of all the facts pleaded by the husband, including his contention as to her residence being in Cherokee County. Her petition further showed that, with the issue of jurisdiction before it, the jury found adversely to her. She failed to allege any facts to indicate any irregularity in the trial of the proceedings culminating in the judgment granting the divorce.

The issue over jurisdiction having thus been litigated, it is res adjudicata and cannot now be relitigated. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. Also, ". . . between parties and privies it [a judgment] is conclusive as to the matter directly in issue, until reversed or set aside." *Code* § 38-623. *Drake v. Drake,* 187 Ga. 423 (5) (1 SE2d 573); *Dyal v. Dyal,* 187 Ga. 600 (2) (1 SE2d 660);

*Johnson v. Johnson,* 188 Ga. 800 (4 SE2d 807); *Crenshaw v. Crenshaw,* 198 Ga. 536 (2) (32 SE2d 177). The holding in *Jones v. Jones,* 181 Ga. 747 (184 SE 271), relied upon by the plaintiff in error, differs on its facts from the instant case, and its inapplicability to this situation is manifest from a reference to it in the *Johnson* and *Crenshaw* cases, supra.

*Judgment affirmed. All the Justices concur.*