## 56596. PRINCE v. PRINCE.

McMURRAY, Judge.

On or about October 7, 1976, Joe H. Prince and Mrs. Bobbie Jean Criswell Prince obtained a divorce, but said decree of divorce reserved all other issues involved for later determination. Thereafter, they executed a settlement agreement as to all matters pertaining to alimony and division of property. This was executed by both in March of 1977, and on March 23, 1977, the court approved same as a part of the decree in their divorce action.

On August 3, 1977, Joe H. Prince, as plaintiff, sued Mrs. Bobbie Jean Criswell Prince as defendant, contending she had converted to her own use without his authorization on or about August 25, 1976, the sum of $1,174.40 of money belonging to the plaintiff and also she

had misappropriated and converted to her own use $4,600 of plaintiff's money all without authorization of the plaintiff. He further alleges that he had never made a gift to her of these sums of money nor had he authorized the conversion of the aforesaid sums to the defendant, had made demand for return of same, and she had refused to return same.

Defendant answered denying generally that she had any funds of the plaintiff but admitted that she and the plaintiff had maintained a joint household account during the course of their marriage to pay household bills and providing for the needs of the family. In August, 1976 this account was in the sum of $1,174.40 when they separated; that she had drawn out $1,173.03, which virtually closed out the account, and she opened an account in her own name after a temporary award was made between them in the divorce action. She denied misappropriating $4,600 which plaintiff contended was his money, but alleged she had a savings account in her own name at the time of the divorce in the amount of $4,600 in which she and the plaintiff had made deposits but said account belonged to defendant exclusively, and this was well known to the plaintiff. She also raised a defense of res judicata with reference to the settlement in the divorce action and filed a separate motion to dismiss contending the complaint failed to set forth a cause of action against her and all matters raised by the plaintiff were settled in the divorce action.

After discovery composed of interrogatories, an affidavit and certified copies of the proceedings in the divorce action as well as a deposition of an auditor of the Georgia Bank & Trust Company with reference to the accounts of the plaintiff, a motion to dismiss the plaintiff's complaint came on for hearing. The trial court treated same as a motion for summary judgment and held that there was no genuine issue as to any material fact, and defendant was entitled to judgment as a matter of law. The complaint was dismissed, and plaintiff appeals. *Held:*

1. In his answer to the interrogatories plaintiff testified that he learned of the withdrawal of the $1,174.40 around September 15, 1976, although the withdrawal had occurred on August 25, 1976, and that

prior to the temporary alimony hearing he had deposited sums in the account and had given defendant funds to open a joint savings account and instructed her to do so. In response to interrogatories he testified he was told by employees of the Georgia Bank & Trust Company that its records showed a joint account with a balance of $4,600 approximately, and "[a]ll the monies deposited into that account were plaintiffs"; that he at no time had made a gift of the funds and later learned that defendant had established the account in her name, rather than jointly as instructed. He further testified he had instructed defendant to make withdrawals from that account "for paying taxes and that sort of thing," and that about a week after the divorce settlement agreement was executed he learned that all so-called jointly held monies were no longer in existence, the bank notifying plaintiff that the savings account had been in the defendant's name individually. Defendant in her answer to interrogatories testified that after the temporary order had been entered for support plaintiff had told her to change everything into her name and, "to keep the house and run it as I had in the past and the joint checking account was a household account"; and that plaintiff was fully aware that the account was not joint "because he told defendant to open it in her name for income tax purposes." She also testified that the monies which were in her name were in her name prior to the divorce, "and this fact was known to the plaintiff," and that the settlement contemplated a complete settlement of all issues between the parties, "and it was understood that moneys that were in my own name would remain my funds."

Where the parties in a divorce action enter into a settlement agreement which is subsequently incorporated into a divorce decree its meaning and effect should be determined according to the usual rules for the construction of contracts, and the cardinal rule thereof is to ascertain the intention of the parties. *Brown v. Farkas,* 195 Ga. 653 (2) (25 SE2d 411); *Green v. Starling,* 203 Ga. 10, 12 (45 SE2d 188). If a contract is clear and unambiguous it is well settled that the courts will look to the contract and it alone to find the intention of the parties. *DeLong v. Cobb,* 215 Ga. 500, 504 (111 SE2d 89),

overruled on other grounds in *Long v. Walls,* 226 Ga. 737, 742 (177 SE2d 373).

2. The contract here clearly stated in the opening paragraph that the parties desired "to settle all matters pertaining to alimony and division of property." While there was much conflict by and between the parties as to whether or not the two funds were the property of the husband or wife or held in trust for the husband, nevertheless at the time of the settlement agreement which was thereafter made a part of the final decree, the plaintiff was aware of these two bank accounts and should have settled these matters as to alimony (which the wife contends he did) and division of property. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. See also *Wilkins v. Wilkins,* 146 Ga. 382 (3) (91 SE 415); *Rozetta v. Rozetta,* 181 Ga. 494 (182 SE 847); *Crenshaw v. Crenshaw,* 198 Ga. 536 (1, 2) (32 SE2d 177); *Johnson v. Johnson,* 188 Ga. 800, 802 (4 SE2d 807); *Blanton v. Blanton,* 217 Ga. 542, 544 (123 SE2d 758).

Even though some of the testimony considered by the trial court in treating the motion to dismiss as a motion for summary judgment was in dispute, nevertheless in the consideration of the time element as to the execution of the settlement agreement and the making of same a part of the final decree it is shown clearly that the judgment in the alimony and division of property case is res judicata.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED OCTOBER 23, 1978.

*McKenna, House, Lancaster & Green, Doye E. Green,* for appellant.

*Mullis, Reynolds, Marshall & Horne, Gerald S. Mullis, William D. Acey,* for appellee.