62825. MILTIADES v. MILTIADES.

SHULMAN, Presiding Judge.

By an order dated May 26, 1978, the trial court modified appellant's and appellee's December 19, 1973, divorce decree as follows (in pertinent part): ". . . the child support payments shall be reduced from $200 per month to $125 per month for the maintenance of the said minor child, James E. Miltiades, Jr., with the further agreement that the husband shall also pay . . . the costs of tuition and transportation and all other related educational expenses incurred for the said minor child to attend any school of the mother's choice with the father to pay for all clothing and supplementary education including college at the college of the choice of the child . . ." After appellee-father refused to pay tuition, room and board for the child to attend a private school in North Carolina chosen by the mother, appellant-mother instituted a contempt proceeding against appellee. After holding an unreported hearing, the trial court concluded that appellee was obligated to provide for the child's education only at any

private school in Chatham County. Appellant maintains that the trial court's ruling is a misinterpretation of the divorce decree modification order which, because it is unambiguous, is not subject to interpretation. We agree with appellant and accordingly reverse the judgment rendered by the trial court.

"Where the parties in a divorce action enter into a settlement agreement which is subsequently incorporated into a divorce decree its meaning and effect should be determined according to the usual rules for the construction of contracts, and the cardinal rule thereof is to ascertain the intention of the parties. [Cits.] If a contract is clear and unambiguous it is well settled that the courts will look to the contract and it alone to find the intention of the parties. [Cit.]" *Prince v. Prince,* 147 Ga. App. 686, 688 (250 SE2d 21).

Since the modification order in this case unambiguously obligated the father to pay the tuition for his son at any school selected by the mother, the trial court erred when it restricted the mother's choice of schools to those within Chatham County. Neither the phrase "any school of the mother's choice" nor the entire modification order taken as a whole is ambiguous (and thus subject to judicial interpretation) or reflective of an intent to limit the child's place of schooling to Chatham County institutions. If the interpretation given the modification order by the trial court and the appellee is allowed to stand, it would appear that the child's choice of a college must also be limited to the confines of Chatham County.

Because the trial court erred when it attempted to interpret an unambiguous document, its judgment must be reversed.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 25, 1982.

*Michael K. Gardner,* for appellant.
*Jack Friday,* for appellee.